## NORWICH UNION FIRE INSURANCE SOCIETY *v.* WELLHOUSE, for use, etc.

1. Where an owner of property which was destroyed by fire had taken out a number of insurance policies on the same, each of which contained a "mortgage clause," making the insurance payable to a mortgagee of the property, and the full value of the property destroyed was paid to such mortgagee by some of the insurance companies, such owner thereafter had no right of action against another insurance company, even if before such settlement of the loss it may have been liable to him upon its policy.
2. If a plaintiff himself has no legal right to bring a particular action, he can not sustain the same by amending his petition so as to sue for the use of another party.

Argued June 1, — Decided July 20, 1901.

Action on insurance policy. Before Judge Reid. City court of Atlanta. November 21, 1900.

*King & Spalding*, for plaintiff in error.
*Frazer & Hynds* and *Dorsey, Brewster & Howell*, contra.

FISH, J. Wellhouse brought a suit against the Norwich Union Fire Insurance Society, in which he alleged that the defendant was indebted to him in the sum of $1,909.50 as principal, as its pro rata share of the loss sustained by him in consequence of the almost complete destruction by fire of a building which belonged to him and on which he held a policy of insurance issued by the defendant. In the petition the plaintiff alleged: "The policy sued on had attached thereto "a 'mortgage clause with full contribution,' which provided that the 'loss or damage, if any, under this policy shall be payable to Southern Trust & Banking Company, as trustee,' &c. Petitioner says, however, that said trustee has no vested interest in said policy; and hence petitioner brings this suit on said policy to recover his said amount of damages and loss occasioned by said fire." It appears, from an agreed statement of facts introduced in evidence at the trial, that at the time of the fire there were in existence a number of other policies covering the property damaged, issued by several other insurance companies, among which was a policy issued by the Germania Fire Insurance Company for the sum of $2,000; that the entire amount of the loss occasioned by the fire was paid by these other insurance companies, each company paying a stated sum as its pro rata share of the same, the Germania Insurance Company paying the sum of $1,909.50; that each of these policies contained "a clause known as the mortgage clause, with full contribution, which [provided] that the loss or damage under such policy should be payable to the Southern Trust & Banking Company, as trustee, said Southern Trust & Banking Company holding a mortgage or deed to secure an indebtedness on said property, exceeding the amount paid on said loss — and all of said sums of money were paid to said Southern Trust & Banking Company, and were by it applied to the payment of said debt." The Germania Company's policy contained a clause reserving the right to cancel the policy at any time, as therein provided, but stipulated: "in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to

the mortgagee (or trustee) of such cancellation, and shall then cease." It appeared from the testimony that prior to the date of the fire one Whitney, the agent of the Germania Insurance Company, had given to one Haas, as agent of Wellhouse, notice of the cancellation of the policy issued by that company, and that Whitney thereupon undertook to procure for Wellhouse an equal amount of insurance in some other insurance company. For this purpose he applied to the agents of the Norwich Union Fire Insurance Society, and they agreed, in behalf of that company, to issue a policy on the property for the sum of $2,000, the same amount as that named in the Germania policy. This policy was written by the agents of the Norwich Company, and was delivered to Whitney on the day before the fire occurred, but was not delivered by Whitney to Wellhouse until after the fire. At the trial there was a dispute between the parties as to whether Whitney, when he applied for and when he received this policy, was acting as the agent of Wellhouse or as the agent of the Germania Insurance Company, but, in the view which we take of the case, this question is immaterial. Like the other policies, the policy of the Norwich Company, as alleged in the petition, contained a clause making the loss, if any, payable to the Southern Trust & Banking Company, as trustee.

"When the plaintiff had nearly concluded the introduction of his testimony, he amended" his petition, so as to sue for the use of the Germania Fire Insurance Company. This amendment set forth the plaintiff's version of facts as to the Germania policy and the facts as to the Norwich policy, and alleged: "5. That on the 19th day of October, 1895, the property insured under said defendant's said policy, and which had been insured under the said policy of the Germania Fire Insurance Co., was destroyed by fire; that the fire occurred eight days after the notice of cancellation had been given by the Germania Fire Ins. Co., as above set out, seven days after the said agents of defendant Society had agreed to write the policy sued on in this case, and the day following its actual delivery by the defendant Society to the agent of said Wellhouse; that, under the terms of said Germania Co.'s policy and the said mortgage clause attached thereto, said Wellhouse was entitled to five days notice of cancellation, while said Banking and Trust Co. was entitled to ten days notice of cancellation; that therefore, at the time of said fire, . . the situation as to said two policies was as follows: As to the Ger-

mania policy, it was not subsisting insurance as to said Wellhouse,. the owner of said property, but was subsisting insurance as to said Banking and Trust Company, mortgagee.   As to the defendant Society, its said policy was subsisting insurance as to said Wellhouse,. but was not subsisting insurance as to said Banking and Trust Co., for the reason that it had not been accepted by them in lieu of the said Germania policy which they held at the time of the fire aforesaid.   Therefore, under the terms of its said policy, the Germania Fire Ins. Co. was liable to said Banking and Trust Co., and did, on Feb. 28, 1896, pay to said Banking & Trust Co. the sum of nineteen hundred and nine and 50/100 [dollars] . . which was its pro rata. part of the total loss occasioned to said property by said fire."   " 6. That, for the reasons set out above, the payment of said nineteen hundred and nine and 50/100 dollars to said So. Banking and Trust Co., by said Germania Fire Ins. Co., was obligatory, and, said payment going to the credit of said Wellhouse on his indebtedness to said Banking and Trust Co., the same inured to the use of said Wellhouse and he received the full benefit thereof.   Wherefore the said Wellhouse became indebted to said Germania Fire Ins. Co., to the extent of the amount thus paid, with legal interest thereon.   For this reason said Wellhouse brings this suit for the use of said Germania Fire Insurance Co., in order that he may get the just and full benefits from said defendant Society's said policy, and discharge his said obligation to said Germania Fire Ins. Co., arising in the way and manner aforesaid."   This amendment was allowed by the court, over certain objections thereto by the defendant.   At the conclusion of the evidence offered by the plaintiff, the defendant moved for a nonsuit, which the court refused to grant.   The jury returned a verdict for the plaintiff.   The defendant's motion for a new trial was overruled by the court, and the defendant excepted.

One of the grounds of the motion for a new trial was, that the court erred in refusing to grant a nonsuit.   Another ground was,. that the court erred in charging the jury as follows:  " If the policy in the Germania Company which had been issued to Wellhouse and made payable to the Trust Company was still valid as to the Trust Company, but had become invalid by cancellation as to Wellhouse, then Wellhouse had the legal right to take out another policy of insurance in any company to cover this same property ; and if he did legally procure a policy, he would have the right to main-

tain an action for the use of the Germania Company, after the Germania Company had paid his debt, and after the entire loss on the building had been paid." One of the assignments of error, in the motion for a new trial, upon the refusal of the court to grant a nonsuit, is, because the evidence showed that Wellhouse had been fully paid all of his loss; and one of the assignments of error in this motion, upon the above-quoted charge of the court, is, " because the evidence showed that Wellhouse had no legal right of action on said policy." We think that the court should have granted the nonsuit, and, for the same reason that it should have been granted, the court erred in this charge to the jury. In *Williamsburg Fire Ins. Co.* v. *Gwinn*, 88 *Ga.* 65, it was held: " Where one is insured concurrently in seven companies, and makes claim for his whole loss against six of the companies and the whole loss is thus settled conformably to the terms of the policies and paid, the seventh company is discharged as to him, and its liability, if any, is to the other companies for contribution." The principle there ruled controls this case. All of the insurance policies, including the one sued on, contained a clause under which the loss was payable to the trust company, as mortgagee. If the defendant insurance company was ever liable to Wellhouse for any portion of the loss sustained by him, when the full amount of that loss was, conformably to the terms of the policies, paid by the other insurance companies, the defendant was discharged as to him, and being so discharged, he, of course, thereafter had no cause of action upon which to bring a suit against it. So far as the settlement of the loss was concerned, the payment of the entire amount thereof to the trustee who held the mortgage upon the property, to be applied by it to the debt of Wellhouse which the mortgage was given to secure, was the same as if the payment had been made to Wellhouse himself. When the full amount of the loss was thus paid, Wellhouse received full compensation for the destruction of the insured property, and thereafter had no cause of action against any insurance company. It is only where there is a legal cause of action in a plaintiff that he can maintain a suit, in his own name, for the benefit of another as usee. *Mitchell* v. *Georgia & Alabama Ry.*, 111 *Ga.* 760 (2). Wellhouse came into court without a cause of action, and consequently had no right to recover either for himself or for the benefit of any one else.

*Judgment reversed. All the Justices concurring.*