WRIGHT, for use, etc., *v.* CONTINENTAL INSURANCE CO.

1. The plaintiff, having no right of action at all, can not recover for his own benefit or for the use of another.
2. Where one enters into an executory contract for the sale of a certain house and lot, and subsequently the vendor takes out a policy of insurance on the house, with a company whose agents know of the contract of sale, the policy containing no reference to such contract or to the vendee, and after loss the vendor, relatively to his own interest, settles in full with the company and surrenders the policy, such vendor can not thereafter maintain an action against the company, on the policy, for the use of the vendee.

Argued February 26, — Decided March 19, 1903.

Complaint. Before Judge Norwood. City court of Savannah. August 5, 1902.

*Twiggs & Oliver*, for plaintiff.
*Adams, Freeman, Denmark & Adams*, for defendant.

SIMMONS, C. J. Suit was brought against the Continental Insurance Company by Wright, for the use of Mrs. Ogilvie. The defendant demurred to the petition, and the demurrer was sustained. The plaintiff excepted. From the petition it appeared that, in

1901, the defendant issued to Wright a policy of fire-insurance for $800 on a certain house, the title to which was in Wright. In 1897 Wright and Mrs. Ogilvie had entered into an executory contract for the sale of this house, and the lot whereon it was situated, for the sum of $736. Wright bound himself to convey the property to Mrs. Ogilvie whenever she completed payment for the same, the amount agreed upon being payable in 62 monthly installments. Under the contract Mrs. Ogilvie was bound to keep the property insured, in the name of the vendor, against loss by fire, for the sum of $800. At the time the policy was taken out by Wright the "defendant company knew that the said Mrs. Mary L. Ogilvie was in possession of the property, under a contract of purchase from the said Henry G. Wright, and also knew that the premiums on said insurance were paid by the said Mrs. Mary L. Ogilvie." While the insurance policy was in force and before the contract of purchase had been complied with, the house was totally destroyed by fire. Proofs of loss were made by Wright and demand made on the company by him for the payment of the full amount of $800. The company refused to pay this sum but, ignoring all right whatever on the part of Wright to recover any sum for the use of Mrs. Ogilvie, offered to pay Wright the amount due him by her as the balance of the purchase-money under the contract, to wit, $375. Wright accepted this amount and surrendered the policy to the company, giving it a conditional receipt stating that his acceptance of this money "should in no way affect the rights of the said Henry G. Wright, suing for the use of Mrs. Mary L. Ogilvie, under said policy." The petition further alleged that the building insured was worth at the time of the fire $1,200, and it prayed judgment for $425. The defendant demurred on the grounds, (1) that no cause of action was set forth, and (2) that the petition showed that Wright had been settled with in full and had surrendered the policy, and that the usee had not been insured by the defendant, was not in any way a party to the contract of insurance, and could not have any right of action thereon.

In so far as Wright's personal interest is concerned, he appears from his petition to have settled with the defendant company. The company admitted liability in an amount less than was claimed by him, and he accepted the amount tendered and surrendered the policy. While the receipt he gave was conditional, we think

it means to reserve only any interest which Mrs. Ogilvie might have, the settlement with Wright being in full of his claims. He therefore had no cause of action against the defendant; and in such case it is established that he can not any more sue for the use of another than for his own benefit. As was ruled in *Terrell v. Stevenson*, 97 *Ga.* 570, "Although a plaintiff having a right of action against another may sue for the use of any person whom he may designate to take the proceeds of the action, a plaintiff having no right of action at all can not recover either for his own benefit or for the use of any one else." While the defendant company may have known of Mrs. Ogilvie's interest in the property insured, she was no party to the contract of insurance. Neither she nor Wright insured her interest. She had no cause of action against the defendant, under the policy, and the receipt signed by Wright could give her no right of action against the company which she did not previously possess. Even treating her as plaintiff, the petition should, therefore, have been dismissed upon demurrer. What would have been Mrs. Ogilvie's equitable rights, as against Wright, if the insurance company had paid him the full amount of the policy, need not be here discussed. The full amount of the policy was not paid, and the question does not arise. Further, this is an action at law, in a court without equitable jurisdiction; and if Mrs. Ogilvie had any equitable rights against the defendant, they could not be enforced in this proceeding. There was no error in sustaining the demurrer to the petition of the plaintiff.

*Judgment affirmed. By five Justices.*