STATE OF GEORGIA, for use, etc., *v.* BANK OF QUITMAN.

To maintain a suit for the use of another, there must be a legal right of action in the party bringing suit.

Argued June 11, — Decided June 27, 1903.

Complaint. Before Judge Reagan. Brooks superior court. December 16, 1902.

*Bennet & Bennet* and *Felder & Rountree*, for plaintiff.

*Henry G. Turner*, for defendant.

CANDLER, J. The Fidelity and Deposit Company of Maryland was surety on the official bond of Jones, the tax-collector of Brooks county. Jones defaulted, and the surety company "paid off and fully discharged its liability to the State of Georgia, by paying the amount of the default of the said Jones to said State of Georgia." The present suit was brought in the name of the State of Georgia, suing for the use of the Fidelity and Deposit Company of Maryland, to recover from the Bank of Quitman a sum of money alleged to have been received by the bank from Jones in payment of a private debt due by him to it, with knowledge that the money so paid was the property of the State; and the petition showed the facts which have been set out. A demurrer to the petition was sustained, and the plaintiff excepted.

The only ground of the demurrer which we deem it necessary to consider is that which sets up that "the State, having no cause of action, can not have or maintain said suit in its own behalf or for the use of any other person." It is clear that when the amount of the tax-collector's shortage was paid to it by the surety, the State had no longer any cause of action against the defaulter in the civil courts. His debt to it had been discharged, and his liability transferred from the State to the surety. That being the case, it is equally clear that the State can not maintain an action for the use of the surety for any debt growing out of the default of the tax-collector. In the recent case of *Wright* v. *Continental Ins. Co.*, 117 *Ga.* 499, the plaintiff had entered into a contract with his usee for the sale of a house and lot, by the terms of which the vendee was bound to keep the property insured in a stated sum for the benefit of the vendor. The house was destroyed by fire before the entire purchase-price had been paid, and the insurance company effected

a settlement with Wright, the vendor, who surrendered to it his policy of insurance. Subsequently Wright brought suit against the company, for the use of his vendee, for the difference between the amount for which the claim had been settled and the face of the policy. The petition was dismissed on demurrer, and on writ of error the judgment was affirmed by this court, it being ruled that "The plaintiff, having no right of action at all, can not recover for his own benefit or for the use of another." See also *Norwich Insurance Society* v. *Wellhouse*, 113 *Ga.* 970, where, on page 974, Mr. Justice Fish, delivering the opinion, said: "It is only where there is a legal cause of action in a plaintiff that he can maintain a suit, in his own name, for the benefit of another as usee." It follows, therefore, that in the present case the court properly sustained the demurrer to the petition.

As the foregoing disposes of the case on its substantial merits, we do not deem it necessary to discuss any of the numerous other grounds of demurrer. In order for the surety company to maintain an action against the defendant in error a new petition will have to be brought, and no good purpose can be served by dilating upon the points raised against the old petition in advance of the bringing of a new one. *Judgment affirmed. All the Justices concur*