### 8283. PAXSON v. PLANTERS WAREHOUSE & LOAN CO. *et al.*

In a proceeding to foreclose a mortgage on personalty, the fact that a dismissal of the counter-affidavit was caused by the plaintiff, on the ground that the bond given by the defendant and his surety did not meet the statutory requirements, does not preclude the plaintiff from maintaining an action on the bond as a common-law contract, where the defendant has obtained a substantial benefit under the bond by receiving and withholding the property involved.

DECIDED JUNE 15, 1917.

Action on bond; from Wilcox superior court—Judge George. February 19, 1916.

Jordan, a tenant of Parsons during the year 1911, made a promissory note as principal, with Parsons as surety, to Planters Warehouse & Loan Company, for the price of guano to be used on the crop of that year, secured by mortgage on the crops of Jordan grown on the land of Parsons. Jordan proceeded to raise a crop of corn and cotton, and, having failed to pay the debt, the mortgage was foreclosed and his crop levied on; and he filed an affidavit of illegality and gave a bond with Paxson as surety. The affidavit of illegality was dismissed by the court on the ground that the bond did not meet the statutory requirements. By reason of the giving of the bond the crop of Jordan had been released

from the levy of the mortgage and turned back to Jordan. The mortgage fi. fa. was subsequently paid off by Parsons, the surety on the note, and, on failure of Jordan to account for the property, Planters Warehouse & Loan Co., for the use of Parsons, filed suit against the principal and Paxson, the surety on the bond. A demurrer to the plaintiff's petition was overruled by the court, and Paxson excepted.

*M. B. Cannon, Max E. Land,* for plaintiff in error.

*Hal Lawson,* contra.

JENKINS, J. (After stating the foregoing facts.) An instrument may be void as a statutory bond and yet be good as a common-law obligation. Where the obligors have secured an advantage arising from its being treated as valid, they are not entitled to the additional advantage of having it treated as invalid. *Wall* v. *Mount,* 121 *Ga.* 831 (49 S. E. 778); *Awtrey* v. *Campbell,* 118 *Ga.* 464 (45 S. E. 301); *Anderson* v. *Blair,* 118 *Ga.* 211 (45 S. E. 28); *Farmers Co-operative Mfg. Co.* v. *Middle Ga. Mfg. &c. Co.,* 94 *Ga.* 673 (20 S. E. 117); *Salmon* v. *Lynn,* 16 *Ga. App.* 298 (85 S. E. 203). This doctrine, which would estop the principal on the bond from denying its validity, would apply in like manner to his surety and privy in contract. *Stroud* v. *Hancock,* 116 *Ga.* 332, 337 (42 S. E. 496). It is urged, however, that since the plaintiff in the present case did not stand upon the bond, but caused the affidavit of illegality to be dismissed because of the alleged failure of the bond to meet the requirements of the statute pertaining thereto, he is estopped from now coming in and assuming the inconsistent position that the bond is good even as a common-law undertaking, despite the fact that the defendant in fi. fa. had obtained a benefit thereunder by receiving back and withholding the property embraced in the levy.

Section 5516 of the Civil Code of 1910 declares: "As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, must be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." And it has been often held that in order for one to maintain a suit for the use of another, there must be a legal right of action in the party bringing the suit. *State* v. *Bank of Quitman,* 117 *Ga.* 849

(45 S. E. 236); *Norwich Union Fire Ins. Society* v. *Wellhouse,* 113 *Ga.* 970 (39 S. E. 397); *Terrell* v. *Stevenson,* 97 *Ga.* 570 (25 S. E. 352). Thus, in this case, if the Planters Warehouse & Loan Company can not maintain its action, the fact that the suit is brought for the use of Parsons, the surety on the note, who paid off the fi. fa., will not alter the rule. It is also a familiar principle of law that "When a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position through a judgment of the court, or through the acquiescence of the opposite party to his prejudice, he will not thereafter be permitted to assume, as to the same subject-matter and against the same adversary, a contrary position." *Haber-Blum-Bloch Hat Co.* v. *Friesleben,* 5 *Ga. App.* 123 (62 S. E. 712); *Vaughn* v. *Strickland,* 108 *Ga.* 659 (34 S. E. 192); *Luther* v. *Clay,* 100 *Ga.* 236, 241 (28 S. E. 46, 39 L. R. A. 95); *Central of Ga. Ry. Co.* v. *Waldo,* 9 *Ga. App.* 182 (70 S. E. 1021). But it does not appear to us that the doctrine we have just stated can properly be made to apply in the present case, since the plaintiff would seem to have been entitled to whatever rights were his pertaining to the statutory requirements of the bond, as necessary to the maintenance of the illegality proceeding, without forfeiting any contractual benefits which were his arising under such obligation, when treated as a common-law contract whereby the defendant had received a substantial benefit by the return of the property involved. In order to avail himself of the alleged deficiency in the bond as failing to meet the requirements of the statute in the illegality proceeding, it did not become necessary for the plaintiff to renounce his contractual rights under the bond as an ordinary obligation. To challenge the one is not inconsistent with the maintenance of the other. In order for a defendant to be heard to defend such a foreclosure, he must comply with the law governing the requirements of the bond to be given in such a proceeding, but if, under a valid but different contract, he should obtain possession of the property involved and continue to withhold it, the terms of the agreement requiring its production will not be rendered invalid merely because of the alleged insufficiency of the bond when viewed in its relation to the illegality proceedings.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*