## NATIONAL BEN FRANKLIN FIRE INSURANCE CO. *v.* McGANN, for use, etc.

GILBERT, J.   1. Where a plaintiff bases his suit to reform a contract on allegations which show that he has no right to maintain the suit, either as the contract was executed or as he seeks to have it reformed, it is subject to general demurrer. It does not convert such fatally defective petition into a good cause of action if such plaintiff bring the suit "for the use" of another. To maintain a suit for the use of another, there must be a legal right of action in the party bringing the suit. *Norwich Union Fire Insurance Society* v. *Wellhouse,* 113 *Ga.* 970 (39 S. E. 397); *Wright* v. *Continental Insurance Co.,* 117 *Ga.* 499 (43 S. E. 700); *State of Georgia* v. *Bank of Quitman,* 117 *Ga.* 849 (45 S. E. 236); *Ross* v. *Glover-Ball Co.,* 156 *Ga.* 109 (118 S. E. 691); *American Surety Co.* v. *County of Bibb,* 162 *Ga.* 388, 391 (134 S. E. 100).

2. The allegations of the petition show that the plaintiff, acting at all times as agent for his wife, and not for himself, purchased a fire-insurance policy to cover property of the wife, in which plaintiff did not own any interest. The insurer executed and delivered a policy of insurance covering property not owned by plaintiff's wife. Under such policy the company incurred no liability. If reformed as sought, the policy would insure property of the wife, and liability for loss would be to the wife and her mortgagee; no liability whatever to the husband. Hence, in neither case can the plaintiff husband maintain a suit.

3. The court erred in overruling the general demurrer.

4. The remaining grounds of demurrer need not be decided.

*Judgment reversed.   All the Justices concur.*

No. 7728.   MAY 16, 1930.

574

*Smith, Hammond, Smith & Bloodworth* and *W. L. Bryan,* for plaintiff in error.

*W. C. Henson* and *Craighead & Craighead,* contra.