23345. TYLER *v.* NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY.

DECIDED JANUARY 24, 1934.

*J. C. Bowden,* for plaintiff. *Hendrix & Buchanan,* for defendant.

JENKINS, P. J. Suit was brought in the municipal court of Atlanta by the beneficiary of a policy of life-insurance against the insurance company, and a verdict and judgment were rendered in favor of the plaintiff. The policy contained a provision that "any assignment of this policy or of any of the benefits thereunder shall be void and of no effect." When it developed in the trial that the beneficiary, upon the death of the insured, wrote a letter to the company, authorizing it to pay the proceeds of the policy to the undertaker, and stating, "said policy of insurance having been transferred to [him] for funeral expenses," under a ruling of the court the petition was amended, and thereafter it proceeded in the name of the beneficiary suing for the use of the undertaker entitled to the death benefits. The evidence was conflicting, and did not demand a verdict in favor of the company's defense that the policy had lapsed on account of delay in the payment of premiums. The trial judge denied the defendant's motion for a new trial based on the general grounds and on the special ground that "the evidence showed that the plaintiff had made a legal assignment of her right of action, and had no right or authority to bring this suit in her name or for the use of the transferee." On appeal by the defendant insurance company, the appellate division of the municipal court reversed the judgment denying a new trial. On certiorari by the plaintiff from this judgment, the superior court entered an order that the "within certiorari is overruled and a new trial denied;" to which the plaintiff excepts, construing the judgment of the superior court as an affirmance of the appellate division, but as awarding a final judgment against her by denying a new trial.

1. When questions of fact are involved, the superior court is

without authority to render a final judgment upon review on certiorari, where such determination is not based solely on and sustained by a controlling question of law; and this is true even though "it may clearly appear from the facts disclosed by the record that the verdict rendered in the lower court was without evidence to support it." *Smith* v. *Williamson,* 43 *Ga. App.* 702 (2) (159 S. E. 912), and cases cited; *Davis* v. *Moore,* 47 *Ga. App.* 579 (171 S. E. 166). The superior court would not have erred in affirming or in reversing the decision of the appellate division granting a new trial on the disputed issues of fact. The award of a new trial would have been proper upon the theory that such an affirmance of the appellate division's grant of a new trial would be equivalent to the first grant of a new trial by sustaining a certiorari directly from the judgment of the trial court refusing a new trial. *Freeman* v. *Franklin,* 47 *Ga. App.* 265 (170 S. E. 321). But the superior court, in overruling the certiorari, expressly denied a new trial, which in effect amounted to an effort to render final judgment against the plaintiff. Such ruling can not be affirmed, unless necessitated under the question of law, as to whether the plaintiff in her own name, or suing for the use of the transferee undertaker, was entitled to recover any benefits under the policy.

2. As a general rule, an action on a contract, whether express or implied, must be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent. Civil Code (1910), § 5516; *Taylor* v. *Felder,* 7 *Ga. App.* 219, 221 (66 S. E. 628). An insurance contract is no exception to this rule. *Equitable Fire Ins. Co.* v. *Jefferson Ins. Co.,* 26 *Ga. App.* 241, 243 (104 S. E. 818). "A suit on a policy of insurance must be brought in the name of the holder of the legal title." *Traders Ins. Co.* v. *Mann,* 118 *Ga.* 381 (45 S. E. 426). Where a policy contains a provision that any assignment of the policy or its benefits shall be void, and such provision is not waived by the insurer, or there is no express or implied consent to the assignment, such an assignment will not give to the assignee any right of action on the policy. *Thomas* v. *Metropolitan Life Ins. Co.,* 144 *Ga.* 367 (87 S. E. 303). "Although a plaintiff having a right of action against another may sue for the use of any person whom he may designate to take the proceeds of the action, a plaintiff having no right of action at all can not recover for

his own benefit or for the use of any one else." *Terrell* v. *Stevenson,* 97 *Ga.* 570 (25 S. E. 352) ; *American Surety Co.* v. *County of Bibb,* 162 *Ga.* 388, 391 (134 S. E. 100), and cit.; *Norwich Insurance Society* v. *Wellhouse,* 113 *Ga.* 970 (2), 974 (39 S. E. 397) ; *Wright* v. *Continental Ins. Co.,* 117 *Ga.* 499 (43 S. E. 700) ; *State* v. *Bank of Whitman,* 117 *Ga.* 849 (45 S. E. 236).

3. Under the terms of the policy sued on, the plaintiff, not having executed an assignment effective against the insurer, retained the right to sue in her own name, and the alleged assignee had no right of action. The defendant, by introducing in evidence the alleged assignment, having brought about the ruling which required the plaintiff to amend by suing for the use of the assignee, can not complain of any error thus invoked or caused, which, moreover, was not prejudicial to any right of the defendant. It did not except to the allowance of the amendment, but its objections are limited to the special ground in its motion for new trial, that the plaintiff, having "made a legal assignment of her right of action," had "no right or authority to bring this suit in her name or for the use of the transferee." The allowance of the amendment as to the form in which the plaintiff sued could not be questioned by a motion for new trial. The plaintiff's recovery, therefore, was not precluded. Accordingly, under this special ground, it was error for the superior court to overrule the certiorari to the judgment granting a new trial, and at the same time deny a new trial. The effect of the order being ambiguous and contradictory, in view of the court's inability to render a legal final judgment the ruling as a whole must be reversed, and the case remanded for a determination as to whether a new trial should or should not be granted under the conflicting testimony offered on the trial.

*Judgment reversed. Stephens and Sutton, JJ., concur.*