## 34935. KING *v.* PRINCE.

DECIDED JANUARY 20, 1954—REHEARING DENIED FEBRUARY 3, 1954.

*Holderness & Word,* for plaintiff in error.

*Boykin & Boykin, James F. McNamara,* contra.

GARDNER, P. J. "If the tort complained of does not amount to a crime, the person injured may consent to a satisfaction and settlement thereof." Code § 105-1901. "An agreement by a creditor to receive less than the amount of his debt cannot be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money." Code § 20-1204. The defendant here paid the money. The plaintiff testified, "I have been fully paid and satisfied as to my claim under this accident." The facts here show a complete accord and satisfaction fully performed by the payment and acceptance of the money. This case is not at all like *Campbell Coal Co.* v. *Pano,* 51 *Ga.* App. 232 (180 S. E. 139), where the agreement was not executed. There the "plaintiff paid for the repairs to his automobile, and refused to sign the release to the defendant." The court said (at p. 234) that nothing less than "actual performance or payment, meaning performance or payment accepted, will suffice," citing *Long* v.

*Scanlon,* 105 *Ga.* 424 (31 S. E. 436) ; *Brunswick &c. R. Co.* v. *Clem,* 80 *Ga.* 534 (7 S. E. 34) ; *Troutman* v. *Lucas,* 63 *Ga.* 466; 1 C. J. 533, § 20. Therefore it follows that the plaintiff had no cause of action or right of action existing against the defendant at the time he filed the original petition and at the time he amended same and on September 15, 1953, when he sought to have the suit proceed in his name for the use of himself and Emmco Insurance Company.

As a general rule an action for a tort must be brought in the name of the person whose legal right has been affected by its commission. See Code § 3-109. Also, no amendment adding a new and distinct cause of action or new and distinct parties shall be allowed unless expressly provided for by law. Code § 81-1303. According to the undisputed testimony of the plaintiff himself, he had no right of action against the defendant at the time the suit was brought. "Although a plaintiff having a right of action against another may sue for the use of any person whom he may designate to take the proceeds of the action, a plaintiff having no right of action at all cannot recover either for his own benefit or for the use of anyone else." *Terrell* v. *Stevenson,* 97 *Ga.* 570 (25 S. E. 352) ; *Tyler* v. *National Life &c. Ins. Co.,* 48 *Ga. App.* 338 (172 S. E. 747), and cit. See also *Franklin* v. *Mobley,* 73 *Ga. App.* 245 (36 S. E. 2d 173) ; *National Ben Franklin Fire Ins. Co.* v. *McGann,* 170 *Ga.* 573 (153 S. E. 362) and citations. In the latter case it was held: "It does not convert such fatally defective petition into a good cause of action if such plaintiff bring the suit 'for the use' of another. To maintain a suit for the use of another, there must be a legal right of action in the party bringing the suit." See *Browder* v. *Cox,* 83 *Ga. App.* 738 (64 S. E. 2d 460) and cit.

The fact that the plaintiff sued for an additional $14 for loss of use of his car does not render the present case maintainable. He testified positively that he had been paid in full for all damages resulting to him from this accident.

It follows that the trial court correctly disallowed the proffered amendment, wherein the plaintiff sought to proceed "for the use of himself and the Emmco Insurance Company," and in thereafter directing a verdict for the defendant.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*