35399, 35406.   SOUTHERN LIFE INSURANCE CO. OF
GEORGIA *v.* CITIZENS BANK OF NASHVILLE,
etc.; and *vice versa.*

DECIDED FEBRUARY 28, 1955.

*Robert H. Jones, Franklin, Eberhardt & Barham, Wilby C. Coleman,* for plaintiff in error.

*L. J. Courson, J. C. McDonald,* contra.

QUILLIAN, J. This is an action brought by a party who is in privity to the contract for the use and benefit of another party who is not. Accordingly, the amendment of 1949 to Code § 3-108 (Ga. L. 1949, p. 455) adding the last sentence, which provides that "The beneficiary of a contract made between other parties for his benefit may maintain an action against the promissor on said contract," does not apply here. Whether the administratrix of the estate of J. Frank Mathews had such an interest in this insurance policy as to maintain an action on it in her own name is not before us. The remainder of this Code section prior to amendment reads as follows: "As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, shall be brought in the name of the party in

whom the legal interest in such contract is vested, and against the party who made it in person or by agent."

Since this contract was made by the bank and the insurance company and since the bank proceeds in its own name, for the use of the administratrix of J. Frank Mathews, the bank is the real plaintiff, and any defense which the insurance company has against the bank may be urged. *Hill* v. *Shaw*, 189 *Ga.* 294 (5 S. E. 2d 778); *Joiner* v. *Singletary*, 106 *Ga.* 257, 260 (32 S. E. 90). "Although a plaintiff having a right of action against another may sue for the use of any person whom he may designate to take the proceeds of the action, a plaintiff having no right of action at all cannot recover either for his own benefit or for the use of anyone else." *Terrell* v. *Stevenson*, 97 *Ga.* 570 (25 S. E. 352). "In order to maintain a suit for the use of another, there must be a legal right of action in favor of the party bringing the suit and against the party who is sued and from whom recovery is sought." *King* v. *Prince*, 89 *Ga. App.* 588 (80 S. E. 2d 222) (decided since the 1949 amendment to Code § 3-108, supra). "It does not convert such fatally defective petition into a good cause of action if such plaintiff bring the suit 'for the use' of another. To maintain a suit for the use of another there must be a legal right of action in the party bringing the suit." *National Ben Franklin Fire Ins. Co.* v. *McGann*, 170 *Ga.* 573 (153 S. E. 362). See also *Tyler* v. *National Life &c. Co.*, 48 *Ga. App.* 338 (172 S. E. 747); *Franklin* v. *Mobley*, 73 *Ga. App.* 245 (36 S. E. 2d 173); *Browder* v. *Cox*, 83 *Ga. App.* 738 (64 S. E. 2d 460); *Norwich Union Fire Ins. Soc.* v. *Wellhouse*, 113 *Ga.* 970 (39 S. E. 397); *State* v. *Bank of Quitman*, 117 *Ga.* 849 (45 S. E. 236). The defendant urges the defense that the policy had been canceled according to its terms. If this is true, the plaintiff cannot recover either for itself or for the use of the administratrix; or if for any reason the bank by a course of conduct is estopped to contest this defense, the effect is the same. Without determining whether or not the policy was actually canceled in accordance with its strict terms, the stipulation of facts, made the subject of the plaintiff's cross-bill of exceptions, is such as to constitute an estoppel of the plaintiff to contend that the policy of insurance was not canceled; and that part of the stipulation relied upon to constitute estoppel is objected to and the admissi-

bility thereof as evidence is questioned as above set forth. Code § 20-116 provides: "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement." Waiver results from a relinquishment of a known right, and where, by a course of conduct, one leads another to believe that he will not insist upon the strict terms of the contract, he will not be heard to complain because the other contracting party relies upon his acquiescence as evidenced by a course of conduct in similar situations. *Adams* v. *Washington Fidelity Nat. Ins. Co.*, 48 *Ga. App.* 753 (173 S. E. 247); *Morrison* v. *Roberts*, 195 *Ga.* 45 (23 S. E. 2d 164). Accordingly, the evidence as to the previous course of conduct of the insurance company, accepted by the bank, of cancelling out certain named debtors from the lists submitted by the bank under the coverage of its master policy was admissible, and had the effect of estopping the bank from complaining, in an action against the insurance company, that the latter had not complied strictly with the policy provisions as to cancellation.

The judgment of the trial court overruling the objections to a portion of the stipulation of facts is without error; but the trial court erred in entering a judgment in favor of the plaintiff bank.

*Judgment reversed on main bill of exceptions and affirmed on cross-bill of exceptions. Felton, C. J., and Nichols, J., concur.*