36197.   RESERVE LIFE INSURANCE CO. *v.* PEAVY.

DECIDED MAY 23, 1956.

32

*Martin, Snow & Grant,* for plaintiff in error.

*H. T. O'Neal, Jr., Robert E. Steele, Jr.,* contra.

TOWNSEND, J. ■ Certain of the grounds of demurrer raise the issue as to whether the plaintiff has "made a complete assignment of the cause of action sued upon and of all benefits due to him under the policy" so as to vest the right of recovery thereon solely in the assignee, the Macon Hospital. To decide this question it is necessary to analyze of what this cause of action consists. Code § 3-108 provides as follows: "As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, shall be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." The contract of insurance contemplates that the plaintiff alone is the legal owner thereof, although others than himself are thereby insured, and provides that "every transaction relating to this policy shall be between the company and the insured." The petition alleges that there has been a breach of the contract between plaintiff and defendant. The measure of damages for this breach is alleged as the amounts which defendant by its contract binds itself to pay upon the happening of a certain event—an illness within the terms of the policy—plus other damages sought to be recovered for bad faith. That which was assigned by the plaintiff to the hospital was the same thing which the defendant agreed, when otherwise liable, and when authorized by the plaintiff, to pay direct to the hospital—that is, reimbursement of plaintiff's debt

to the hospital to the extent of its liability under the contract. The insurance contract is, so far as appears, still of force and effect. It is still a contract between the plaintiff and the defendant, and it has not been assigned by the plaintiff to anyone. The *cause of action,* if one exists, is an action for damages under the contract, title to which is in the plaintiff. The proceeds of the policy, which are the equivalent of the measure of damages, have been allocated or assigned to the hospital for the purpose of being applied against the plaintiff's debt to it. In 6 C. J. S. 1143, § 85, it is stated: "An assignment of property carries with it the right to the proceeds thereof, although an assignment of the expected proceeds of property gives no right to the property itself." Here the "property" is the contract of insurance, title to which remains in the plaintiff. The proceeds the plaintiff has set aside for the use of his creditor, the hospital. Accordingly, when under the terms of the policy he authorized the defendant, as he was entitled to do, to pay the proceeds direct to the hospital, the fact that this instrument "assigns" all benefits under the policy does not make it such an assignment of legal title as to authorize the hospital to sue on the policy in its own name, and accordingly such a suit could not be maintained. *Wheeler* v. *Stapleton,* 99 *Ga.* 731 (27 S. E. 724). Nevertheless, the hospital has such a substantial interest in the proceeds as to make it a proper usee for whose benefit the action may be maintained by the person having legal title to the contract. *Jones* v. *Reed,* 58 *Ga. App.* 72 (2a) (197 S. E. 665).

The plaintiff in error cites *Sullivan* v. *Curling,* 149 *Ga.* 96 (99 S. E. 533, 5 A. L. R. 124) ; *Board of Drainage Commissioners of Henry County Drainage District No. 1* v. *Morris Construction Co.,* 32 *Ga. App.* 300 (122 S. E. 723) ; *Ross* v. *Glover-Ball Co.,* 156 *Ga.* 109 (1) (118 S. E. 691) ; *Virginia-Carolina Chemical Co.* v. *Rachels,* 41 *Ga. App.* 221 (152 S. E. 308) ; *Norwich Union Fire Ins. Soc.* v. *Wellhouse,* 113 *Ga.* 970 (2) (39 S. E. 397) ; *King* v. *Prince,* 89 *Ga. App.* 588 (80 S. E. 2d 222) and *Browder* v. *Cox,* 83 *Ga. App.* 738 (64 S. E. 2d 460). These cases, individually, need no discussion. All are based on the rule that one who has assigned his right of action to another, or one who himself has no right of action because of the extinguishment of the debt or other cause, may not bring an action as a nominal plaintiff for the

use of another. In none of these cases is there a discussion of the right of one who is the legal holder of an instrument to sue for damages or proceeds for the benefit of a usee to whom the latter have been assigned. The demurrers raising this issue were properly overruled.

■ The remaining issue raised by the demurrers is whether the affirmative allegations of the petition bring it within the policy provision extending coverage only to "sickness, the cause of which originates while this policy is in force and more than 15 days after the date hereof." The petition does allege that "on the date said policy was issued and for 15 days thereafter, plaintiff was in good health and free of disease." Unless one allegation is the equivalent of the other, the plaintiff has failed to bring himself within the terms of the policy and cannot recover. *Hulsey* v. *Interstate Life & Accident Ins. Co.,* 207 *Ga.* 167, 169 (60 S. E. 2d 353); *Carpenter* v. *Life & Casualty Ins. Co.,* 74 *Ga. App.* 745 (41 S. E. 2d 271); *Hurt & Quinn, Inc.* v. *National Surety Corp.,* 81 *Ga. App.* 683 (59 S. E. 2d 722). The plaintiff relies upon *Georgia Life &c. Ins. Co.* v. *Gammage,* 91 *Ga. App.* 125 (85 S. E. 2d 85), wherein the following is stated at page 129: "Mrs. Gammage testified that, in 1950, her husband was in good health, free of disease, and as well as ever he had been, and was making no complaints to her. If at that time he showed no observable symptoms, the jury were authorized to find, as they did, that the disease resulting in his death originated after the policy was issued, and so was covered." From this it appears that testimony that one is "in good health and free from disease" at a certain time may be construed to mean that the disease had not originated at that time. Since testimony is construed in favor of the verdict, and pleadings are construed against the pleader, this case is not absolutely decisive on the question. Nevertheless, no matter what construction is applied, one cannot be literally "free from disease" if there are incipient in his body the germs or other inherent conditions which will for a certainty incapacitate him and which are within themselves the direct and proximate cause of such sickness. When the policy excludes "sickness the cause of which originates" before the issuance of the policy or within a 15-day period thereafter, it can mean only that the cause of the illness originates or begins to establish itself *in the body of the insured* during that

period of time. If the disease is beginning to establish itself, then the plaintiff is not "free of disease" in the literal or absolute sense. We are not here discussing "apparent sound health," which has no place in this issue in its present stage. We merely hold that the allegation is sufficient, and is the equivalent of the policy language itself, so that proof of any facts insufficient to establish that the sickness originated while the policy was in force and more than 15 days from its inception date would also be insufficient to support the allegation that, "on the date said policy was issued and for 15 days thereafter, plaintiff was in good health and free of disease." Conversely, testimony sufficient to establish the one proposition would also establish the other. It follows that the petition was not subject to the grounds of demurrer raising this issue.

The trial court did not err in overruling the general and special demurrers to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*