## 49099. EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD. et al. v. KEELIN et al.

EBERHARDT, Presiding Judge.

Dr. Ernest E. Lockhart and Employers' Liability Assurance Corporation, Ltd., his subrogee under a fire insurance policy, brought suit against James N. Keelin, Thermo Inc., William J. Frain, d/b/a Frain Air Conditioning, Allied Electric Company, Inc., the Trane Company, and Honeywell, Inc., alleging that their negligence, either jointly or independently, or individually, caused a fire to originate in the Trane furnace of a home constructed for Lockhart.

It appears that appellant Lockhart entered into a contract with James E. Keelin to serve both as architect and general contractor in the construction of a residence. Keelin would, of course, obtain subcontracts wherever necessary or desirable and generally supervise their portion of the construction. Thermo, Inc. was used as a subcontractor for air conditioning and heating. It would design a system for the residence and install it. A furnace was obtained from the Trane Company, and it was to be controlled by a Honeywell fan, limit switch and thermostat. When the furnace arrived it was pre-wired for the electrical requirements, but the subcontractor made certain changes for low voltage wiring since the current was to be taken from a 110 volt line and reduced to 24 volts by means of a transformer. The 24 volt current activates the thermostat, opening and closing the gas valve to maintain the level of heat called for by a pre-setting, and turns on and off a fan which circulates the air through ducts, though the fan itself operates on the

110 volt current. A limiting device in the furnace, also controlled by the 24 volt current, shuts down the gas valve and thus the supply when the temperature reaches a limit beyond which it is not desired to allow the furnace to operate, and beyond which it may be unsafe to operate it.

The owner purchased a fire insurance policy from Employers' Liability Assurance Corp., Ltd. during the course of construction. On February 20, 1968 the construction was complete and a loan closing was scheduled for February 22. On February 21 a fire occurred doing substantial damage to the dwelling. Employers' paid the owner, Lockhart, for the damage on June 29, 1968 and he, in turn, on that date, executed to it a subrogation agreement, and thereafter Employers', joined by Lockhart, brought this suit. After discovery, etc. it came on for trial before a jury and at the close of the plaintiff's evidence motions by the several defendants for directed verdicts were sustained, and this appeal followed. *Held:*

1. Was there error as to appellant Lockhart? In the light of *Parker Plumbing & Heating Co. v. Kurtz,* 225 Ga. 31 (165 SE2d 729), reversing *Kurtz v. Parker Plumbing & Heating Co.,* 118 Ga. App. 130 (162 SE2d 755), it is clear that there was not. Here, as there, the insured had transferred his right to maintain the action by execution of a full subrogation agreement prior to the time the suit was brought. He was in no position to bring or maintain it, United States v. Aetna Cas. & Surety Co., 338 U. S. 366 (70 SC 207, 94 LE 171, 12 ALR2d 444), and for this reason, pretermitting all other considerations, direction of the verdict for the defendants was not error as to him. Code Ann. § 81A-117 (a).

2. *Effect of the merger of Employers' Liability Assurance Corporation with Commercial Union Assurance Corporation.*

The policy here involved was a homeowner's policy issued by Employers' Liability Assurance Corporation to Dr. Lockhart, effective August 2, 1967 and to expire August 2, 1970. The loss by fire occurred February 21, 1968. A settlement was made with the insured by Employers' Liability Assurance Corporation June 20,

1968, and it took from Dr. Lockhart a subrogation agreement on that date. On January 1, 1970 Employers' Liability changed its corporate name to ELAC Insurance Company, Limited, and on December 31, 1971 a Domestication Agreement and Instrument of Transfer and Assumption between ELAC Insurance Company, Ltd. and ELAC Insurance Corporation became effective, providing for the domestication of ELAC Insurance Company, Ltd. and the transfer to ELAC Insurance Corporation of "all its cash, securities, choses in action and other property of whatsoever kind or description."

Effective December 31, 1971 ELAC Insurance Corporation merged into Employers Commercial Union Insurance Company, the latter being the surviving corporation.

On January 7, 1972 the instant suit was filed in Fulton Superior Court.

The evidence relative to the transactions leading to the merger came out on a trial of the case, and at the close of plaintiff's evidence motions for directed verdict were made on behalf of all defendants. The motions were sustained.

We think the sustaining of the motions was proper. We have already concluded that plaintiff Lockhart could not maintain the action, and on the same principle we now conclude that Employers' Liability Assurance Corp., Ltd. could not maintain it.

"Every action shall be prosecuted in the name of the real party in interest." Code Ann. § 81A-117 (a). True, it is further provided by this Code section that the action is not to be dismissed because not prosecuted by the real party in interest "until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Does this invalidate the directed verdict?

We think not. Not one of the defendants to the action had any knowledge or information concerning the various transactions leading up to the merger of the corporations, and thus that Employers' Liability Assurance Corporation was not entitled to maintain the action. There was, therefore, no reason why either of

them should have urged that the action was not brought by the real party in interest until the facts came out in court. But since the plaintiff was involved in all these transactions leading to the merger, it was bound to know that when the suit was filed it had previously transferred all of its choses in action, including this claim, to ELAC Insurance Corporation which then merged with Employers Commercial Union Insurance Company. Code Ann. § 22-1007 (b) (2) provides that upon completion of the merger the separate existence of all save the surviving corporation shall cease. The same rule applies if one or more of the merging entities is a foreign corporation. Code Ann. § 22-2906 (d). Even if there were no dissolution of Employers' Liability and its corporate existence continued, its position relative to this suit is the same as was that of Dr. Lockhart, the insured, and is controlled by the ruling made in *Parker Plumbing & Heating Co. v. Kurtz,* 225 Ga. 31, supra.

There is nothing new about the principle that the suit must proceed in the name of one having a legal right to bring it. See *National Ben Franklin Fire Ins. Co. v. McGann,* 170 Ga. 573 (153 SE 362); *American Surety Co. v. County of Bibb,* 162 Ga. 388, 391 (134 SE 100); *Wright v. Continental Insurance Co.,* 117 Ga. 499 (43 SE 700); *Norwich Union Fire Ins. Soc. v. Wellhouse,* 113 Ga. 970 (39 SE 397).

Moreover, since Employers' Liability Assurance Corporation was no longer a legal entity, having disposed of all its assets and dissolved, the suit could not proceed in its name, for a suit must proceed in the name of a legal entity. The suit was a nullity. *Orange County Trust Co. v. Estate of Abe Takowsky,* 119 Ga. App. 366 (1, 2) (166 SE2d 913).

If this suit were amendable, we do not find in this record anything indicating that there was, prior to judgment, any effort to amend the petition to substitute the real party at interest as plaintiff, though it might have been done, Code Ann. § 81A-117 (a), assuming that it would be a substitution and not a mere making of a party plaintiff where none had theretofore existed.

Code Ann. § 81A-125 (c), providing for a substitution of the transferee of interest in the action, applies only

where the transfer is made *pending* or *during the course of* the litigation. Professor Moore in Vol. 3b of his work on Federal Procedure and dealing with Rule 25 (c) of the Federal Rules, which is the same as our § 81A-125 (c), asserts: "Subdivision (c) of Rule 25 deals with transfers of interest during the course of the action. The situation with which it is concerned may be compared or contrasted to that obtaining where a transfer of interest, such as an assignment, takes place *prior* to the commencement of the action. In the latter situation Rule 17 controls and requires that the action shall be prosecuted in the name of the real party in interest." 3B Moore's Federal Practice, p. 25-321, § 25.08.

The situation here would be altogether different if the suit had been one instituted by the insured against the insurer as named in the policy for enforcing his claim thereunder. In that event Code Ann. § 22-1007 (b 5) would apply, and the action could proceed as if the merger had never taken place, or the surviving corporation could be substituted as a defendant. But that is not the situation here.

*Judgment affirmed. Bell, C. J., Pannell, P. J., Deen, Quillian, Clark, Stolz and Webb, JJ., concur. Evans, J., dissents.*

ARGUED FEBRUARY 7, 1974 — DECIDED JUNE 26, 1974 —
REHEARING DENIED JULY 18, 1974 —

*Long, Weinberg, Ansley & Wheeler, Charles M. Goetz, Jr.,* for appellants.

*Henning, Chambers & Mabry, E. Speer Mabry, Walter B. McClelland, N. Forrest Montet, Swift, Currie, McGhee & Hiers, George W. Hart, Greene, Buckley, DeRieux & Jones, James A. Eichelberger,* for appellees.