22018. LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE
*v.* ROLAND.

JENKINS; P. J. 1. The term "automobile" is the general name which has been adopted, by popular use and approval, for all forms of self-propelling vehicles for use on highways and streets for general freight and passenger service. An automobile-truck comes within the general acceptation of the term "automobile." 6 C. J. 867; *Caler* v. *State*, 12 *Ga. App.* 430, 436 (78 S. E. 205) ; *Bonds* v. *State*, 16 *Ga. App.* 401, 404 (85 S. E. 629). An automobile-truck is an' automobile within the meaning of a policy of insurance providing for indemnification in case of injury to the insured "by any accident to any . . automobile . . which is being driven or operated at the time by a person regularly employed for that purpose, and in which such insured is traveling as a fare-paying passenger, or on which he is lawfully riding on a pass; or . . by any accident to any . . private motor-driven automobile in which insured is riding or driving."
2. The word "accident," in its most commonly-accepted meaning, denotes an event that takes place without one's foresight or expectation; an event which proceeds from an unknown cause; or an unusual effect of a known cause, and therefore not expected. 1 C. J. 390; *Southern Ry. Co.* v. *Hill*, 125 *Ga.* 354, 361 (54 S. E. 113). Where an automobile-truck on which the insured was riding skidded as the driver applied the brakes on turning from the road to go to a filling station, throwing the insured from the truck to the pavement, crushing his skull and producing injuries from which he died, his death was the result of an accident to the

automobile-truck, within the meaning of the provisions of the policy of insurance quoted above. And where, as the result of the skidding of the truck, the tires of the vehicle were burned black, there was "some external or visible evidence on said vehicle of the collision or accident" within the meaning of that phrase in the policy.

3. Under the foregoing rulings, the court in the instant case did not err in overruling the demurrer to the plaintiff's petition, and, the evidence being undisputed as to the manner in which the insured was killed, a finding in favor of the plaintiff was demanded. This is true irrespective of whether the insured, by virtue of the fact that he was riding upon the vehicle as an employee of the company which operated the truck and while wearing a badge furnished to identitfy him as an employee entitled to transportation upon the vehicle operated by the employer to convey employees to and from work, could be deemed to be "lawfully riding on a pass," since the accident in which the insured was killed was expressly covered by another provision of the policy, imposing liability in the event of injury or death "by any accident to any private motor-driven automobile in which insured is riding or driving."

4. Since it appears from the record that the required proofs of the death of the insured were presented to the insurance company, and that a demand for payment of the amount of the policy was thereafter made and rejected more than sixty days before the filing of the suit, it can not be said, as a matter of law, that the defendant company was not guilty of bad faith, in a legal sense, or that the verdict for attorney's fees to the amount of $150, the amount of the policy being $1,000, was unauthorized. *American National Insurance Co.* v. *Brantley*, 38 *Ga. App.* 505 (144 S. E. 332).

5. The admission of the testimony of counsel for the plaintiff on the question of attorney's fees, after the witness had detailed the work done by counsel, that such was "about the extent of the work, except I believe we brought the other suit," could not have been harmful to the defendant in that it authorized the fixing of attorney's fees on the basis of the work done in some other suit, since the witness was not undertaking to state the work done in the other suit, or the value thereof. Moreover, the only testimony adduced as to the amount of reasonable attorney's fees for representing the plaintiff was to the effect that such a reasonable fee would be a much greater amount than that allowed by the jury.

6. Under the foregoing rulings, the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JULY 29, 1932.

*Carl B. Copeland,* for plaintiff in error.
*H. W. McLarty, Parham & Simpson,* contra.