25428. LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE *v.* YARBROUGH.

Decided June 9, 1936.

*Carl B. Copeland,* for plaintiff in error.
*Houston White, Edwin Pearce,* contra.

Sutton, J. This was a suit on a "travel and pedestrian" policy issued by the Life and Casualty Insurance Company of Tennessee on James Yarbrough, with Mrs. Victoria Yarbrough, plaintiff, as beneficiary. The policy covered certain specified accidental injuries to the insured or his accidental death as therein stated, and provided that "if the insured shall, by . . collision of or by any

accident to any . . . private motor-driven automobile, inside of which the insured is riding or driving, . . provided, that in all cases referred to in this paragraph there shall be some external or visible injury on the said vehicle . . of the collision or accident, . . suffer" the loss of his life "the company will pay" to the beneficiary therein named the sum of $1000. The policy provided that the insurance did not cover "any loss or injury sustained . . during the period of time the insured is committing some act in violation of . . municipal law, . . whether such violation of the law has any casual connection with the accident, injury, or loss, or not." The petition alleged that the insured was riding "in a Ford car (a private motor-driven automobile and a roadster type) with a rumble-seat, along Washington Street in College Park," and "that the insured was sitting on the body of the car in front of the rumble-seat between the rumble-seat and the front seat of the car, with one leg and foot inside of the rumble-seat and one foot and part of the leg on the outside of the rumble-seat," when "said car hit a sudden depression in the roadway, the rebound from which catapulted the insured from the car to the pavement, which he hit with his head, said blow killing him." It was alleged "that one of the shock-absorbers on said automobile was broken as a result of said accident, and said break was external and visible in that same could be seen with the eye." The insurance company defended the suit on the ground that the insured was not "inside" of the automobile at the time it hit the depression in the street and threw him out of the same, and that the accident was not within the provisions of the policy; and also alleged that the insured at the time he met his death was violating a valid municipal ordinance of the City of College Park, making it unlawful for any one to ride, within its incorporate limits, "on any running-board of any automobile . . or to ride on or in any automobile . . by hanging on the sides or rear thereof, or by riding therein with his or her lower limbs hanging or projecting therefrom." The insurance company filed its general demurrer, and to the judgment overrruling the demurrer it excepted pendente lite. The trial resulted in a verdict in favor of the beneficiary. A motion for new trial was overruled, and the defendant excepted.

■ Where an insurance policy provides that if the insured meets

his death through an accident to any private motor-driven automobile "inside of which" he is riding or driving, and there is some external visible injury to the automobile as a result of the accident, the company will pay to the beneficiary a named sum, the insured will be considered on the inside of the automobile, within the meaning and terms of the policy, where he is sitting on the body of the car in front of the rumble-seat between the rumble-seat and the front seat of the car, with one leg and foot inside of the rumble-seat and one foot and part of one leg on the outside of the rumble-seat by resting on the body along the side of the rumble-seat, with his foot propped against the front of the rear fender of the automobile in order to steady himself; and where, while the insured is so riding, the automobile strikes a sudden depression in the street, and the insured is catapulted from the car to the paved street, striking his head thereon and killing him, which accident causes one of the shock-absorbers on the automobile to break, which break is external and visible, the insured has met his death through violent, external, and accidental means as provided in the policy. See *Life & Casualty Insurance Co. of Tenn.* v. *Roland,* 45 *Ga. App.* 467 (165 S. E. 293); *Continental Life Insurance Co.* v. *Wilson,* 36 *Ga. App.* 540 (137 S. E. 403).

■ Where at the time he met his death the insured was riding within the corporate limits of the City of College Park, Georgia, in a Ford roadster automobile, with a rumble-seat to the rear of the front seat, and was "sitting on the body of the car in front of the rumble-seat between the rumble-seat and the front seat of the car, with one leg and foot inside of the rumble-seat and one foot and part of the leg on the outside of the rumble-seat" and along the body beside the rumble-seat, with his foot propped against the front of the rear fender of the automobile on that side in order to steady himself, the insured was not violating the provisions of an ordinance of said city making it unlawful for any one, within said corporate limits, "to ride on any running-board of any automobile . . or to ride on or in any automobile . . by hanging onto the sides or rear thereof, or by riding therein with his . . lower limbs hanging or projecting therefrom," within the provision of the policy of insurance sued on in this case, providing that the insurance therein provided for did not cover any loss or injury sustained by the insured "during the period of time the insured is

committing some act in violation of . . municipal law, . . whether . . such violation of law has any casual connection with the accident, injury, or loss, or not."

■ Under the foregoing rulings, it follows that the plaintiff's petition set out a cause of action, and the judge did not err in overruling the general demurrer. The evidence authorized the verdict in favor of the plaintiff; and no error of law appearing, the court properly overruled the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*