MRS. ELSIE HIGGINS v. LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE.

(Filed 29 October, 1941.)

**1. Insurance § 38—**

Evidence that the car in which insured was riding was forced off the highway by another car passing it on a curve, that after being forced off the highway it skidded on the shoulder of the road, struck a ditch and skidded on, against, over, and across a driveway bridge, that when it struck the ditch insured was thrown against the door which flew open, and that he fell out and was caught under the car and dragged 100 to 130 feet causing fatal injury, *is held* sufficient to show an accident to the automobile and that insured fell from the automobile as a proximate result thereof.

**2. Insurance § 39—**

Evidence that prior to the accident the automobile was in good condition and that immediately after the accident a door was warped so that it would not shut easily, the door stop broken, the glass of the door

cracked, and a fender dented and one of the running boards damaged *is held* competent upon the issue of whether the accident caused visible injury to the vehicle as required for recovery in the policy of accident insurance in suit, and was sufficient to be submitted to the jury upon that issue. *Sanderlin v. Ins. Co.*, 214 N. C., 362, cited and distinguished.

APPEAL by defendant from *Sink, J.*, at February-March Term, 1941, of CALDWELL. No error.

Civil action to recover the death benefit under a limited accident policy.

The defendant issued and delivered to Fonies C. Higgins its limit Industrial Travel and Pedestrian policy in which plaintiff was named beneficiary. Under the terms of the policy defendant agreed to pay plaintiff, beneficiary named in the policy, the sum of $1,000.00 for the loss of the life of the insured, if such loss of life should be caused "by collision of or by any accident to any . . . private motor-driven automobile . . . inside of which the insured is riding or driving . . . provided that . . . there shall be some external or visible injury to and on the said vehicle of the collision or accident . . . and provided that the collision or accident must occur on a public highway."

On 17 September, 1939, the insured, while a passenger on an automobile, fell out of the car, receiving injuries from which he died the next day. Whereupon this action was instituted.

The jury answered the issues submitted in favor of the plaintiff. From judgment thereon defendant appealed.

*Townsend & Townsend for plaintiff, appellee.*
*Pritchett & Strickland for defendant, appellant.*

BARNHILL, J. It is admitted in the answer that the insured was, on the day he received fatal injuries, a passenger on an automobile being driven on a highway near Wilkesboro; that he fell out of the automobile and the vehicle ran over him and dragged him some distance; that the insured died the next day; and that the policy at the time was in full force and effect.

Hence, to recover on the policy plaintiff must show that the insured fell from the automobile as a proximate result of a collision of or an accident to the vehicle on which he was a passenger and that such collision or accident caused some external or visible injury to the vehicle other than to the tires thereof.

As the driver of the automobile was proceeding around an "S" curve, another car, going at a high rate of speed and approaching from the rear, attempted to pass. In so doing it crowded or forced the vehicle on

which the insured was riding off the main portion of the highway. It skidded sidewise on the shoulder of the road, struck a ditch or gully and skidded on, against, over, and across a driveway bridge. When the car struck the ditch the insured was thrown against the door, which flew open, and he fell out and was caught under the car and dragged 100 to 130 feet before the automobile finally came to rest. That this constitutes an accident to the automobile is not seriously controverted.

Did the accident produce or cause any external visible injury to the vehicle? This the defendant denies and upon the issue thus raised it bases its primary defense.

The answer must be in the affirmative. The evidence, when viewed in the light most favorable to the plaintiff, tends to show that prior to the accident the automobile was in good condition. There were no dents or marks on it. The glass was not broken and the doors were in proper condition. Immediately after the accident it was discovered that the door was warped or bent to such an extent that it would not shut easily. The door stop or check was broken. The glass in the door was cracked all the way down. About 3 inches of the circle part of the fender had been bent back. There were dents in the right fender, the right rear rim was dented in several places, and the running board was damaged.

No one actually saw the fenders dented or the glass broken or the other damage done to the car. However, that such external visible injuries were not in existence just prior to the accident and were discovered shortly thereafter permits and perhaps commands the inference that they resulted from the accident. Certainly the evidence was such as to require its submission to the jury and it is sufficient to sustain the verdict. *Sanderlin v. Ins. Co.,* 214 N. C., 362, 199 S. E., 275, upon which defendant relies, is factually distinguishable.

The exceptions to the rulings of the court upon the admissibility of the testimony offered cannot be sustained. Evidence tending to show that the automobile had no visible sign of injury prior to the accident, together with evidence of such signs shortly thereafter, was competent on one of the issuable facts involved. And, incidentally, one of the witnesses for defendant testified in respect thereto.

We have examined the other exceptive assignments of error and find in them no sufficient cause for disturbing the verdict.

No error.