## 31490.   CARPENTER *v.* LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE.

DECIDED FEBRUARY 5, 1947.

*Casey Thigpen, L. E. Heath, Joseph M. Branch,* for plaintiff.
*Fulcher & Fulcher,* for defendant.

FELTON, J.   Life & Casualty Insurance Company of Tennessee insured Roy C. Carpenter "against the result of bodily injuries received during the time this policy is in force, effected solely by external, violent, and accidental means *strictly in the manner hereafter stated,* subject to all the provisions and limitations hereinafter contained." (Italics added.) The only question for determination is whether the insured met his death in such a manner and

under such circumstances as are covered by the policy of insurance. The policy attached to the petition enumerates the circumstances and situations which it covers. The only provision remotely covering the circumstances set forth in the petition as causing the insured's death is that the insurance company insures the husband of the plaintiff, Roy C. Carpenter, against the result of bodily injuries or death caused by "collision of or any accident to any private motor-driven automobile or motor-driven truck inside of which the insured is riding or driving . . provided that in all cases referred to in this paragraph there shall be some external or visible injury to and on said vehicle, . . of the collision or accident . . and provided the collision or accident must occur on a public highway as heretofore defined (public highway as used in this policy shall mean the traveled and improved portion of the highway and shall not be construed to include any portion of railroad or interurban railway yards, station grounds or right of way, except where crossed by a public thoroughfare dedicated to and used by the public for automobile or horse-vehicle traffic, and shall not include any river, stream or waterway or public highway, which although dedicated to the public has not in fact been opened to and is being used by the public generally for vehicular traffic). . . *No indemnity will be paid as the result of, or for injuries caused by other means or under other conditions than those set forth above.*" (Italics added.) The petition alleges that the insured was traveling along a road which was by usage a public highway when his automobile in an accidental manner left the road and turned so as to leave the automobile stopped at a sharp angle, and while it was in this position, the insured in endeavoring to get out of the automobile, fell down the embankment of a canal and was accidentally drowned, and the automobile accident was the proximate cause of the death of the insured. This policy is a contract of limited accident-insurance liability and differs from the general accident policy which insures against accidental injury or death under broad terms, excepting from coverage those risks which the parties to the contract agree shall not be covered, and including all situations not excepted. In this policy the insurance covers only those injuries or death occurring under circumstances enumerated, and the policy purports to cover only these and no other circumstances. The exceptions to these enumerated circumstances are that even these cir-

cumstances shall not be covered if injury or loss is sustained by the insured while he has physically present in his body alcoholic or intoxicating liquors or narcotics in any degree, or during the time the insured is committing some act in violation of either State, county, or municipal law, provided such violations of law have some causal connection with the accident, injury, or loss. The provisions of the policy which we have quoted above are clear, unequivocal, and unambiguous, and while we recognize the rule that a contract of insurance must be construed most strongly against the insurer (*Wheeler* v. *Fidelity &c. Co.*, 129 *Ga.* 237, 58 S. E. 709), still the words of the policy must be given the meaning they ordinarily bear; and where it is manifest that it was the intention of the parties that liability should attach only under given circumstances, the law will uphold the contract according to its true intent and purpose. As we have shown, the policy insures the plaintiff's husband against the result of bodily injuries caused by the collision of or by any accident to any private motor-driven automobile inside of which the insured is riding or driving. There is no allegation that a collision occurred, but the petition does say that the automobile accidentally left the road and stopped at a sharp angle, and that in endeavoring to get out of the automobile the insured fell down an embankment into a canal and was drowned, and that the accident to the automobile was the proximate cause of the insured's death. Assuming for the sake of argument, though we do not concede or decide the point, that the accident to the automobile was the proximate cause of the insured's death, still the plaintiff fails to state a cause of action, by not bringing the occurrence within the terms of the policy. The policy stipulates in effect that, even if there is a collision or an accident to the vehicle in which the insured is riding, the collision or accident resulting in loss or injury will not come within the terms of the policy unless there is some external and visible injury to the vehicle in which the insured was riding or driving. There is no allegation of external and visible injury to the automobile from which it is alleged the insured fell after it accidentally left the road. This is an accident policy issued for a minimum premium, and expressly limits the right of recovery within very narrow bounds, and the occurrence resulting in injury or loss to the insured must come within such bounds in order for indemnity to be recovered; and the plaintiff, in the ab-

sence of an allegation that there was external and visible injury to the automobile in which the insured was riding or driving, fails to bring the occurrence within the terms of the policy. See, in this connection, *Wheeler* v. *Fidelity &c. Co.*, supra; *Jones* v. *Continental Life Ins. Co.*, 37 *Ga. App.* 289 (139 S. E. 911); *Mitchell* v. *Federal Life Ins. Co.*, 57 *Ga. App.* 206 (194 S. E. 921); *Life & Casualty Ins. Co. of Tenn.* v. *Roland*, 45 *Ga. App.* 467 (165 S. E. 293); *Bullard* v. *Life & Casualty Ins. Co. of Tenn.*, 49 *Ga. App.* 27 (174 S. E. 256); *Bullard* v. *Life & Casualty Ins. Co. of Tenn.*, 178 *Ga.* 673 (173 S. E. 855); *Harley* v. *Life & Casualty Ins. Co. of Tenn.*, 40 *Ga. App.* 171 (149 S. E. 76); *Higgins* v. *Life & Casualty Ins. Co. of Tenn.*, 220 N. C. 243 (17 S. E. 2d, 5). The court did not, therefore, err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*