**Mrs. Harold S. WILLINGHAM nee Francis S. McCall,**

v.

**LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE.**

**No. 14951.**

United States Court of Appeals Fifth Circuit.

Oct. 22, 1954.

Harold S. Willingham, Marietta, Ga., Allen Post, Atlanta, Ga., for appellant. Moise, Post & Gardner, Atlanta, Ga., of counsel.

William F. Buchanan and Newell Edenfield, Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

RIVES, Circuit Judge.

This is a suit brought by the beneficiary upon a policy of insurance issued upon the life of her husband, who while a guest passenger in a private airplane

about 500 feet above the ground, jumped or was thrown from the airplane and upon striking the ground was killed. The plane crashed into the Indian River about 700 yards from the point where the insured landed. The policy afforded both ordinary life insurance, and a supplemental accidental death benefit, "issued in connection with and made a part of policy", each in the amount of $5,000. Suit was brought for the face amount of the policy and for the accidental death benefit, plus interest.

The policy contained the following provisions, upon which the insurance company solely relied.

| Ordinary Life Insurance | Accidental Death Benefit |
|---|---|
| "Aviation. Should the death of the Insured result from operating, or riding in, any kind of aircraft, except as a fare paying passenger in a licensed passenger aircraft operated by a licensed pilot on a regular passenger route between definitely established air ports, only the reserve under this policy shall be payable and said reserve shall be in full settlement of all claims hereunder." | "This accidental death benefit does not cover self-destruction, sane or insane; death resulting from submarine expeditions; death resulting from operating, riding in, or descending from any kind of aircraft (except as a fare paying passenger on a regular scheduled passenger flight of a commercial aircraft operated by a licensed pilot between definitely established airports); * * *" |

The case was tried to the Court without a jury. The Court entered its findings of fact and conclusions of law and a judgment that the plaintiff recover only the sum of $48.38, the reserve under the policy already deposited in court.

The plaintiff appealed, and here contends first that she is entitled to recover both the ordinary life insurance and the accidental death benefit because, "The death of the insured did not result from operating, or riding in any kind of aircraft, nor from operating, riding in or descending from any kind of aircraft; it resulted, as the Court found, from striking the ground after he had jumped or was thrown from the plane."

■ Nicely to separate the results of riding, falling, and landing smacks of medieval sophistry. We think it too clear for serious argument that "riding in, or descending from" included being thrown from the airplane by its movement in flight, or jumping from the airplane because it was about to crash, and meeting death upon striking the ground. The case is clearly distinguishable on its facts from Bull v. Sun Life Assur. Co. of Canada, 7 Cir., 141 F.2d 456, 155 A.L. R. 1014, and Massachusetts Mutual Life Ins. Co. v. Smith, 5 Cir., 193 F.2d 511, in each of which the evidence failed to establish that death ensued as a result of difficulties of flight afflicting the plane itself. The court properly held, therefore, that the plaintiff was not entitled to recover the accidental death benefit.

■ In a second and more plausible contention, the appellant in effect concedes that death of the insured resulted from "descending from" the plane, and emphasizes that the same contract specifically excluded "descending from any kind of aircraft" from the coverage of the accidental death benefit but not from the ordinary life insurance. The appellant contends therefore that certainly she is entitled to recover the ordinary life insurance, and she supports that contention by reference to a number of recognized rules of construction: the maxim, *expressio unius est exclusio alterius;* the principle that ordinarily the same words used in different clauses of a contract will be understood to have been used in the same sense; Section

20–704, subd. 4 of the Code of Georgia providing that, "The whole contract should be looked to in arriving at the construction of any part"; the principle that every word and clause of a contract must be given a field of operation; and especially the doctrine that an insurance policy is construed most strongly against the insurance company. All of these are sound rules of construction to help arrive at an answer to the ultimate question of what did the parties intend, and upon what did they agree.

 There is, however, no room for the application of any of these rules, no need to resort to construction when the contract is unambiguous and its meaning clear. We think that the phrase "riding in" in the context here employed is unambiguous and clearly includes falling or being thrown from the airplane because of difficulties in flight.[1] "Descending from" can also refer to such sudden and precipitate dropping or falling, but, as ordinarily used, it refers to a more gradual or deliberate movement. For example, when we say that a person descended the steps or descended from a tower, we do not mean that he fell down the steps or out of the tower. "Descend" is derived from the Latin "de", down, plus "scandere", climb. As used in the Accidental Death Benefit part of this policy, "descending from" means something different from the things already included in the phrase "riding in"; it includes, we think, such things as making a voluntary descent by parachute not because the plane is about to crash, or as descending from the plane after it has landed, things separated in causal connection from the "riding in".

Considering the risks which might reasonably have been within the minds of the parties at the time the insurance contract was made, we find ourselves in entire agreement with the district judge, and think that the different construction contended for by appellant would be artificial, strained and forced.

The judgment is therefore

Affirmed.

1. Compare Richardson v. Iowa Traveling Men's Ass'n, 228 Iowa 319, 291 N.W. 408; Wright v. Aetna Life Insurance Co., 3 Cir., 10 F.2d 281, 46 A.L.R. 225; Order of United Commercial Travelers of America v. King, 4 Cir., 161 F.2d 108; Life & Casualty Ins. Co. of Tennessee v. Yarbrough, 53 Ga.App. 458, 186 S.E. 434; Life & Casualty Ins. Co. of Tennessee v. Roland, 45 Ga.App. 467, 165 S.E. 293.