## 42541. AMERICAN FAMILY LIFE INSURANCE COMPANY v. ROBINSON.

PANNELL, Judge. Where an insurance policy insures against loss "from accidental bodily injury sustained while . . . being struck by any automobile . . . provided such bodily injuries are caused solely by reason of an automobile . . . accident," and while such policy is in force and effect an automobile, which was parked, rolled backwards, the door of the automobile striking the insured, knocking him to the ground, causing a gun which the insured had "to accidentally discharge," causing severe injuries to the insured's leg, such injuries were received within the terms of the insuring clause of the policy. The "accidental discharge" of the gun was not an intervening cause, but was itself directly caused by the automobile striking the insured and the injuries resulting therefrom were caused solely by reason of an automobile accident.

Accordingly, where the insured brings an action against the insurer seeking a recovery under the policy and alleged the cause of the injuries as set forth above, a cause of action under the policy is set out and the trial court did not err in overruling a general demurrer thereto. See, in this connection, *Smith v. Life & Cas. Ins. Co. of Tenn.,* 185 Ga. 572, 577 (2) (196 SE 59); *Continental Life Ins. Co. v. Wilson,* 36 Ga. App. 540 (2) (137 SE 403); and *Life & Cas. Ins. Co. of Tenn. v. Roland,* 45 Ga. App. 467 (2) (165 SE 293). *Car-*

*penter v. Life & Cas. Ins. Co. of Tenn.*, 74 Ga. App. 745 (41 SE2d 271); *Prudential Ins. Co. of America v. Kellar*, 213 Ga. 453 (99 SE2d 823); Davis v. Jefferson Standard Life Ins. Co., 73 F2d 330 (Ga.) (96 ALR 599); Travelers' Protective Ass'n. of America v. Davis, 67 F2d 260, relied upon by appellant do not require a different ruling here.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

SUBMITTED JANUARY 6, 1967—DECIDED APRIL 4, 1967.

*Burt & Burt, Donald D. Rentz, H. P. Burt,* for appellant.
*E. Louis Adams,* for appellee.