## 52377. FAIRCLOTH v. PLASTIC CLAD CORPORATION.

CLARK, Judge.

Plaintiff appeals from a summary judgment granted defendant which sustained the latter's plea of accord and satisfaction.

As an independent commission salesman plaintiff had for some years sold defendant's products to his personal customers. A special arrangement between the parties was made concerning merchandise sold one of these customers, Redman Development Corporation. The instant litigation arose out of their disagreement as to which of them is bound under their arrangement to sustain a loss which was incurred when Redman Development Corporation made a 52.5% settlement with Redman's creditors.

The voluminous record before us does not make clear whether the dispute between the litigants existed at the time that defendant sent its check accompanied by a letter which served as the basis for its contention that an accord and satisfaction was created by plaintiff's use of the check.

The pertinent portions of the letter read: "Enclosed please find our check No. 9871 in the amount of $7,462.92 to cover the net proceeds of the commission due to you on the subject account [Redman Development Corp.]. . . I believe this finalized[1] our arrangement concerning the subject. However, if you have any questions please feel free to contact me." The letter was signed by defendant's controller. By his affidavit (R. 20, 21) plaintiff averred that "after receiving said letter affiant called [the controller] pursuant to said letter, and inquired about the rest of his money, whereupon [the controller] told affiant

---

[1]"Business puts enormous pressure on language as most of us have known it. . . Under this pressure, adjectives become adverbs; nouns become adjectives; prepositions disappear; compounds abound." *Strictly Speaking* by Edwin Newman, pp. 138, 139, (Bobbs-Merrill Co., 1974). Lawyers must avoid such semantical sins and linguistic vandalism.

that he did not know when plaintiff would receive the balance of his money, but that he should call [defendant's president]." Affiant cashed the check enclosed with the letter of March 27, 1975, immediately, and when he was finally able to reach the defendant's president was told that plaintiff "would have to bear the loss of the Redman jobs, because that was his [the president's] understanding of the agreement all along. . ." This affidavit was submitted in rebuttal to depositions of defendant's witnesses and in explanation of plaintiff's previous statements. In his discovery deposition plaintiff also testified that it was his understanding the check did not constitute a full settlement of the claim. *Held:*

"In motions for summary judgment, the evidence must be construed most favorably toward the party opposing the grant of same; and most unfavorably toward the party applying for the motion for summary judgment. All inferences and conclusions which arise from the evidence must be likewise construed." *Tipton v. Harden,* 128 Ga. App. 517 (4) (197 SE2d 746). Construed in compliance with this rule, the evidence does not show an accord and satisfaction as a matter of law. Primarily, this is because a question of credibility arises from a conflict in the testimony. Where there is such conflict, even though occasioned by testimony from the same witness (in this instance, the plaintiff), grant of summary judgment is not proper. *Mathis v. R. H. Smallings & Sons, Inc.,* 125 Ga. App. 810 (189 SE2d 122); *Columbia Drug Co. v. Cook,* 127 Ga. App. 490 (1) (194 SE2d 286).

" 'An accord and satisfaction is itself a contract and requires a meeting of the minds in order to render it valid and binding.' *Pennsylvania Threshermen &c. Cas. Ins. Co. v. Hill,* 113 Ga. App. 283, 293 (148 SE2d 83)." *Mason Gin &c. Co. v. Piedmont Acid Delinting, Inc.,* 126 Ga. App. 298, 300 (190 SE2d 604). And where the evidence is in conflict with regard to the understanding of the parties, the defense of accord and satisfaction is a jury question. *Scott v. Imperial Hotel Co.,* 75 Ga. App. 91 (42 SE2d 179); *Mason Gin &c. Co. v. Piedmont Acid Delinting, Inc.,* supra; *Pierson v. Herrington,* 138 Ga. App. 463.

The evidence here does not demand a finding that there had been an accord and satisfaction. Compare

*Catalina, Inc. v. Woodward,* 124 Ga. App. 26 (182 SE2d 921), with *Mason Gin &c. Co. v. Piedmont Acid Delinting, Inc.,* supra. Accordingly, the trial court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED JULY 12, 1976 — DECIDED JULY 16, 1976 — REHEARING DENIED JULY 29, 1976 —

*R. John Genins,* for appellant.

*Cotton, Katz & White, Richard A. Katz, J. Michael Lamberth,* for appellee.