## 54117. ALSTON v. INSURED CREDIT SERVICES, INC.

BANKE, Judge.

The appellant sued the appellee for rent due under a lease allegedly breached by the appellee. Based on the parties' stipulation of facts, the court found an accord and satisfaction and entered judgment for the appellee. This appeal followed.

The appellant was the lessor of commercial property under a lease signed by the appellee. The appellee notified appellant of its intent to vacate the premises at the end of the term. The parties disputed the expiration date of the lease. On August 1, 1974, the appellee mailed the appellant the key to the premises and a check for the current month's rent bearing the notation "Payment in Full" on its face. The appellant notified the appellee in writing that the check was unacceptable as a final rental payment. Three months later the appellant scratched out the appellee's notation and negotiated the check.

The trial judge was correct in finding that an accord and satisfaction had been reached. "It is now the law of this state that if a debtor remits to the creditor a sum of money, less than the amount actually due, upon the condition, either express or implied that it is in satisfaction of the creditor's claim, and the latter accepts and retains the money, an accord and satisfaction results, and this is true whether the demand be liquidated or unliquidated, disputed or undisputed." *Dixie Belle Mills,*

*Inc. v. Specialty Machine Co.,* 217 Ga. 104, 107 (120 SE2d 771) (1964). See *Rivers v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196) (1952).

A landlord who receives a check from his tenant which is tendered in full satisfaction of all claims under the lease has two options. He can either accept the condition or reject the check outright. *Thompson v. Hecht,* 110 Ga. App. 505 (139 SE2d 126) (1964). He cannot accept the proceeds under protest and argue that the check was only a partial payment of the amount owed under the lease. *Rivers v. Cole Corp.,* supra. Nor can he modify the effect of his acceptance by striking out "Payment in Full" before indorsing the check. See *Thompson v. Hecht,* supra. Negotiation of the check by the appellant in this case was tantamount to acceptance of the appellee's condition of "Payment in Full," and resulted in an accord and satisfaction of the appellant's claims.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 6, 1977.

*Schwall & Heuett, Donald J. Goodman,* for appellant.

*William Boyd Lyons,* for appellee.