56418, 56419. LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE v. CROWE; and vice versa.

BIRDSONG, Judge.

This case involves a suit on an insurance policy. The facts show that as early as 1970 or 1971 appellee's wife, Mrs. Crowe, suffered from a fairly severe underbite. She complained of difficulty in properly masticating her food which occasionally prevented her from retaining all the food in her mouth while chewing because of the jut of her lower jaw beyond the upper row of teeth. There was some evidence that such a physical defect may be congenital although it may also be caused by a medically determina-

ble disease or by trauma. There is no evidence in the record, however, that Mrs. Crowe either suffered from such a disease or occasioned a trauma.

Mrs. Crowe consulted several dentists concerning orthodontal correction of her condition and ultimately went to Emory University Dental Clinic to have such "dental" work performed. Because of the inordinately long waiting period for such corrective work, Mrs. Crowe did not have the corrective procedures performed. In October, 1974, Mr. Crowe purchased a Hospital and Surgical policy of insurance from the appellant, Life &: Casualty Ins. Co. of Tennessee. In February, 1975, Mrs. Crowe went to a dental surgeon who for the first time informed her that the appropriate corrective procedure was to remove a portion of the lower jaw thereby retracting or shortening the lower jaw into alignment with the upper jaw. Upon inquiry to an agent of the insurance company, Mr. Crowe was advised that such surgery probably would be covered as surgery arising out of sickness. Mrs. Crowe underwent the corrective surgery in May, 1975. Mr. Crowe submitted a claim for his expenses, but the insurance company denied the claim upon the ground that the terms of the policy limited coverage to surgery arising out of sickness which had its inception 15 days or more after the effective date of the policy. Mr. Crowe then instituted this suit to recover the costs of the treatment, attorney fees, and punitive damages for wilful refusal by the company to honor its policy coverage. The trial court denied the company's motion for a directed verdict upon the issue of coverage but granted the company's motion as to a directed verdict relating to attorney fees and punitive damages. The jury returned a monetary verdict in favor of Mr. Crowe. The insurance company brings its appeal in Case No. 56418 asserting error in the denial of its directed verdict. Mr. Crowe cross appeals in Case No. 56419 protesting the grant of a directed verdict as to attorney fees and punitive damages. *Held:*

1. There is no dispute that the policy of insurance involved covered only surgery that arose out of sickness caused by disease contracted 15 days or more after the effective date of the policy. The trial court expressed doubt

as to coverage but apparently based upon evidence that the diagnosis of a "class 3 malocclusion" first occurred several months after the effective date of the policy and could successfully be corrected only by a surgical procedure rather than a dental one, the trial court allowed the issue of coverage to go to the jury. In this conclusion, the trial court erred.

The record clearly established that Mrs. Crowe suffered from a serious malocclusion for several years prior to the issuance of the policy of insurance. In fact Mrs. Crowe admitted that the purpose of the surgery was to accomplish the same purpose that the visit to the Emory University Clinic sought to accomplish, i.e., realignment of the teeth so that she could properly masticate her food and overcome the problems caused by the underbite. So far as the record shows, the only difference between her physical condition before and after the issuance of the policy, was that the form of treatment changed. The underlying cause remained the same. It follows that the "disease" which caused the sickness that required the surgery, under the undisputed facts of this record, existed prior to the effective date of the policy. The mere fact that a new name was given the condition or a new corrective procedure was utilized after the effective date of the policy does not avoid the limitations of coverage contained therein. See *Reserve Life Ins. Co. v. Peavy,* 94 Ga. App. 31, 34 (93 SE2d 580); *Lovett v. Am. Family Life Ins. Co.,* 107 Ga. App. 603, 605 (131 SE2d 70). Under the facts of this case, Mrs. Crowe failed to bring herself within the terms of the policy and thus Mr. Crowe could not recover. *Hulsey v. Interstate Life &c. Ins. Co.,* 207 Ga. 167, 169 (60 SE2d 353); *Carpenter v. Life & Cas. Ins. Co.,* 74 Ga. App. 745 (41 SE2d 271).

The theory underlying both a motion for summary judgment and a motion for directed verdict is that there is no genuine issue of material fact to be resolved by the jury and that the movant is entitled to a judgment based on the law applicable to the established facts. *Ellington v. Tolar Const. Co.,* 237 Ga. 235 (227 SE2d 336). We have concluded that there was no issue of law under the facts of this case. The facts clearly established that Mrs. Crowe was not covered under the express terms of the contract of insurance. Where there are no genuine issues of material

fact to be resolved by a jury, and the facts show that a verdict for the moving defendant is demanded, the trial court errs in refusing to grant a directed verdict. *Crowe v. Holloway Development Corp.,* 114 Ga. App. 856 (152 SE2d 913). Thus, we will reverse the judgment in Case No. 56418 with direction to enter a judgment for the appellant upon remittitur.

2. Inasmuch as the right to recover attorney fees and punitive damages depended upon a wrongful refusal by the insurance company to honor a just claim, it likewise follows that because Mrs. Crowe had no covered sickness and thus Mr. Crowe had no justiciable claim, and the trial court did not err in directing a verdict as to attorney fees and punitive damages. Therefore, we will affirm the judgment in Case No. 56419.

*Judgment reversed with direction in Case No. 56418; judgment in Case No. 56419 affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 19, 1978 — DECIDED OCTOBER 18, 1978.

*Robinson, Harben, Armstrong & Millikan, Sam S. Harben, Jr.,* for appellant.

*Smith & Bell, Harmon T. Smith, Jr.,* for appellee.