66123. WALLACE v. HARRISON.

DEEN, Presiding Judge.

On January 13, 1981, appellant's automobile was struck by another vehicle as it was proceeding through an intersection on a green light. Appellee, the driver of the other car, was charged with disobeying a traffic signal and driving under the influence. On January 30 appellee's insurer, State Farm Insurance Company, a Florida corporation whose principal place of business is Jacksonville, Florida, tendered to appellant a draft in the amount of $2,235.11 payable through the Florida First National Bank of Jacksonville. On February 17, before endorsing the check to the Northside Body Shop in payment of repairs made to his vehicle, appellant telephoned the insurance adjuster who had signed the check. He informed the adjuster that he could not accept the draft under the conditions stated in the endorsement/release printed on the reverse of the check and read to him a reservation of rights which he proposed to substitute.

According to appellant's affidavit, the adjuster assented to deletion of the printed language and substitution of the reservation of rights, whereupon appellant struck through the printed language, wrote beneath it the endorsement he had read to the agent, and negotiated the check. Clearly visible on the reverse of the check are the printed endorsement with lines drawn through it; appellant's handwritten endorsement reserving his rights; Northside Body Shop's stamp; and the bank's stamp indicating that the check had

been presented for payment on February 19. The printed endorsement/release reads as follows: "The undersigned payee accepts the amount of this payment in full settlement of all claims for damages to property and for bodily injury whether known or unknown, which payee claims against any insured under the policy shown on the face hereof, or their respective successors in interest, arising out of an accident which occurred on or about the date shown. This release reserves all rights of the parties released to pursue their legal remedies, if any, against such payee." Appellee's endorsement is as follows: "Endorsement of this draft shall not be deemed a waiver of any right of the undersigned against Karen Harrison and/or State Farm Insurance Company, all rights being expressly reserved. This shall *not* be deemed a settlement of any claim of the undersigned against Karen Harrison and/or State Farm Insurance Company in connection with the accident involving Karen Harrison and the undersigned. No release is intended hereby. This 17th day of February, [signature illegible on copies in the record]."

Appellant subsequently brought a tort action against appellee, seeking $5,000 in compensatory damages, $5,000 in punitive damages, and attorney fees and court costs. In her answer appellee asserted as her sole defense accord and satisfaction based on the negotiated check. Appellee then successfully moved for summary judgment. Appellant's motion for reconsideration was denied, and he enumerates three errors on appeal. Initially he avers that the court erred in giving effect to the printed restrictive endorsement on the check, thereby finding an accord and satisfaction. He further assigns as error the court's failure to relieve him of the purported accord and satisfaction because of the adjuster's allegedly fraudulent representations. Finally, appellant contends that the court erred in applying the *lex loci delicti,* Georgia, which does not recognize a unilateral reservation of rights in a settlement, rather than the *lex loci contractus,* or Florida, where the draft would be accepted for collection (Uniform Commercial Code § 3-121; cf. OCGA §§ 11-3-120, 11-3-121 (Code Ann. §§ 109A-3—120, 109A-3—121)) and where the law permits a unilateral reservation of rights. *Held:*

1. In order properly to address appellant's first and second enumerations, we must first determine whether, as appellant contends, it is Florida law rather than Georgia law which should govern the adjudication of this case. Appellant urges that under recognized principles of conflicts of law, the trial court should have characterized the transaction involving the check as a contract rather than as an incident to the tort action against appellee. Georgia, of course, adheres to the traditional choice of law system. Under this system tort actions are adjudicated according to the law of the place

where the wrong occurred, and contract actions are regulated by the law of the state where the contract was made when matters of execution, interpretation, or validity are at issue, and by the law of the state where it is to be performed when the issue is one concerning performance. See generally 34 Mercer Law Review, No. 2 (Winter 1983) for a compendious review of current scholarship in the area of conflict of laws. Of course, the parties may by contract stipulate that the law of another jurisdiction will govern the transaction. See OCGA § 11-1-105 (1) (Code Ann. § 109A-1—105); see also Crompton-Richmond Co. v. Briggs, 560 F2d 1195 (5th Cir. 1977). There is no contention that this was done here, however.

Since, according to appellant's logic, the last act necessary to completing the negotiation of the check was its acceptance by the collecting bank, and this took place in Jacksonville, Florida, then the applicable law should be that of Florida, the state where the performance was completed. In support of this contention, appellant cites Florida law which permits the payee unilaterally to reserve his rights without obtaining the assent of, or even giving notice to, the maker of the check. See West's Florida Statutes Annotated § 671.207 and comment; Miller v. Jung, 361 S2d 788 (Fla. App. 1978).

We do not address the merits of appellant's analysis beyond pointing out that the parties to the action below were appellant Wallace and appellee Harrison; State Farm's relationship to the parties and the action is and has been throughout the case that of appellee's agent for the payment of a sum or sums due appellant under the terms of the contract of insurance existing between appellee and State Farm. It was the principal, not the agent, who committed the tort; the agent (State Farm) became involved only after the tort had been completed. "[T]he insurer's contractual liability under a given set of facts and the insured's tort liability are fundamentally distinct issues." *Colonial Penn Ins. Co. v. Hart,* 162 Ga. App. 333, 338 (291 SE2d 410) (1982). Moreover, the collecting bank is merely an agent of State Farm. See OCGA § 11-4-201 (Code Ann. § 109A-4—201).

It is undisputed that both appellant and appellee are Georgia residents (see Complaint, par. 1; Answer, par. 1). In an action between principals whose residence is Georgia, the residence of an agent (or, as here, a subagent) of one or the other party is irrelevant, absent special circumstances unlike those which obtain here, to a determination of applicable law. Neither traditional choice of law criteria nor such modern theories as "governmental interest" or "most significant relationship" (see 34 Mercer Law Review, supra) would suggest that any law other than the *lex fori* should be applied in this case. Appellant's third enumeration is without merit.

2. Appellant contends that the trial court erred in holding that appellant's cashing the check bearing the restrictive endorsement constituted an accord and satisfaction, which under Georgia law is binding on all parties. OCGA § 13-4-104 (Code Ann. § 20-1205). Like any other contract, accord and satisfaction requires a meeting of the minds as to the subject matter embraced therein, if it is to be valid and binding. *Richardson v. Richardson,* 237 Ga. 830 (229 SE2d 641) (1976); *Commercial Union Assurance Co. v. Southeastern Ventilating,* 159 Ga. App. 443 (283 SE2d 660) (1981); *M. W. Buttrill, Inc. v. Air Conditioning Contractors,* 158 Ga. App. 122 (279 SE2d 296) (1981); *Mason Gin & Fertilizer Co. v. Piedmont Acid Delinting,* 126 Ga. App. 298 (190 SE2d 604) (1972). Where there is no agreement to settle all matters in dispute, no accord and satisfaction result. *Fowler v. Gorrell,* 148 Ga. App. 573 (251 SE2d 819) (1978); *Pierson v. Herrington,* 138 Ga. App. 463 (226 SE2d 299). Moreover, parol evidence is admissible to show the scope of the agreement that forms the basis of the alleged accord and satisfaction. Myers v. American Fin. System, 615 F2d 368 (5th Cir. 1980).

Appellant here contends that there was no meeting of the minds to the effect that, as appellee argues, the cashing of the check bearing the conditional language would imply acceptance of those conditions along with the proceeds of the check. Appellant insists that, to the contrary, his telephone notification to the adjuster as to his intention to exercise the restrictive endorsement and substitute the reservation of rights, together with the adjuster's oral assent to these changes, clearly negates the existence of an accord and satisfaction.

In her answer and in her motion for summary judgment, accord and satisfaction is appellee's sole legal theory. Where accord and satisfaction is so pled, the burden of proof, as with any other affirmative defense, is on the party asserting this doctrine. *McCullough v. Mobiland, Inc.,* 139 Ga. App. 260 (228 SE2d 146) (1976). Appellee relies upon a line of cases which holds that the cashing of the check and retention of the proceeds constitutes an accord and satisfaction, regardless of any protest, oral or written, and regardless of whether the other party is given notice of protest or any purported reservation of rights. See, e.g., *Anderson v. Shelby Mut. Ins. Co.,* 237 Ga. 687 (229 SE2d 462) (1976); *Sylvania Elec. Prods. v. Electrical Wholesalers,* 198 Ga. 870 (33 SE2d 5) (1945); *Alston v. Insured Credit Services,* 143 Ga. App. 172 (237 SE2d 680) (1977); *Mullinax v. Shaw,* 143 Ga. App. 657 (239 SE2d 547) (1977). Appellee thus undertakes to discharge a treble burden: not only that ordinarily imposed upon the proponent of an affirmative defense, but a second burden that requires the movant for summary judgment to establish

that there exist no material issues of fact in the case, and yet a third that requires the movant who is also the defendant affirmatively to negate one or more essential elements of the case made out by the appellant (plaintiff below). OCGA § 9-11-56 (Code Ann. § 81A-156); *Life & Cas. Ins. Co. v. Crowe,* 147 Ga. App. 629 (249 SE2d 682) (1978); *Lawrence v. Gardner,* 154 Ga. App. 722 (270 SE2d 9) (1980).

Appellee has made no showing that there was a meeting of minds as to the compass of the agreement represented by the negotiated check. The endorsement to the body shop, together with the handwitten reservation, would suggest strongly that appellant had no intention of extinguishing all his claims. Appellee has thus failed to meet his initial burden.

The better line of reasoning in the fact situation here would seem to be that represented by the *Richardson* line of cases, supra. These cases not only hold that the movant for summary judgment must show that there was a meeting of the minds and that it was the parties' intention to extinguish a debt or debts completely, *Willingham v. Willingham,* 160 Ga. App. 175 (286 SE2d 754) (1981); the cases further hold that there may be a *pro tanto* settlement of one or more of several claims, or of a portion of a claim consisting of one or more distinct elements, without prejudice to the remaining claims or portions of claims. See, e.g., *State Farm Fire & Cas. Co. v. Fordham,* 148 Ga. App. 48 (250 SE2d 843) (1978); *Faircloth v. Plastic Clad Corp.,* 139 Ga. App. 444 (228 SE2d 397) (1976).

In *Alston v. Insured Credit Services,* supra, the party issuing the check did not consent to alteration or deletion of the release language. Appellee has offered no rebuttal to appellant's affidavit that the adjuster was notified of appellant's intention to delete the release language and substitute the reservation, and that the adjuster assented thereto. This unrebutted assertion, together with the handwritten reservation of rights and the endorsement of the check directly to the body shop, could constitute evidence from which the trier of fact could find that the check represented only the actual cost of repair to appellant's automobile rather than, as appellee contends, the costs associated with appellant's loss of use of the vehicle and his loss of time from work, as well as the cost of repairing the automobile. Thus appellee has not met his burdens of establishing the absence of disputed issues of material fact or of affirmatively negating elements of the appellant's case. Summary judgment in such a case would be inappropriate. OCGA § 9-11-56 (Code Ann. § 81A-156).

Moreover, it is the general rule that the existence of accord and satisfaction is ordinarily a question for the jury. *Woodstock Rd. Investment Properties v. Lacy,* 149 Ga. App. 593 (254 SE2d 910) (1979); *Nauman v. McCoy,* 84 Ga. App. 131 (65 SE2d 853) (1951). The

trial court erred in granting summary judgment to appellee.

3. Since we must reverse on other grounds, we do not reach appellant's remaining enumeration.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED APRIL 20, 1983 —
REHEARING DENIED MAY 3, 1983.

*R. Matthew Martin,* for appellant.

*William G. Gainer, Frank J. Klosik, Jr., William R. Reece III,* for appellee.