## A03A2373. HOSPITAL AUTHORITY OF HOUSTON COUNTY v. PYROTECHNIC SPECIALTIES, INC.
### (589 SE2d 644)

ELLINGTON, Judge.

The Hospital Authority of Houston County, d/b/a Houston Medical Center ("the hospital"), appeals from the grant of summary judgment to Pyrotechnic Specialties, Inc. ("PSI"), in this suit for unpaid medical expenses. The hospital contends the trial court erred in finding that no jury issue existed regarding whether there had been an accord and satisfaction for certain patient accounts. Because we find that the trial court erred in granting summary judgment, we reverse.

On review of the grant or denial of a motion for summary judgment, this Court must determine

> whether the trial court erred in concluding that no genuine issue of material fact remains and that the party was entitled to judgment as a matter of law. This requires a de novo review of the evidence. Summary judgment is appropriate when the court, viewing all the facts and evidence and reasonable inferences from those facts in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case.

(Citations and punctuation omitted.) *Rubin v. Cello Corp.*, 235 Ga. App. 250-251 (510 SE2d 541) (1998).

Viewed in the light most favorable to the hospital, the record shows that PSI provided medical insurance benefits for its employees between 1997 and 1999. The hospital, located near the PSI plant, provided medical care for some of the employees, and employees assigned their insurance benefits to the hospital. In May 1997, PSI filed for Chapter 11 bankruptcy. Six months later, PSI notified the hospital that outstanding medical claims would be paid as follows: claims from February 1, 1997, through May 23, 1997, were included in PSI's bankruptcy petition and would be paid according to the reorganization plan; claims from May 24, 1997, through June 14, 1997, would be paid by PSI pursuant to a payment plan; and claims arising on or after June 15, 1997, were to be filed with PSI's insurance company, TPA of Georgia. The hospital followed these instructions for approximately a year and a half while it continued to provide medical care for PSI employees and their dependents.

On April 1, 1999, PSI's chief executive officer notified the hospital that its bankruptcy reorganization was complete, and that PSI wanted to settle its employees' outstanding medical bills for 1997, which totaled approximately $45,000. The resulting correspondence

and negotiations between the parties regarding the scope of the settlement specifically referred to individual patients, claim numbers, and outstanding medical expenses identified by date of treatment. On June 10, 1999, PSI sent the hospital a check for $21,000 with the following notation: "In full satisfaction and accord for the amounts we owe for the following employees and their dependents," and listing 13 employees or dependents, including Frances Gatliff and Freddie Walker. Six weeks after sending the check to the hospital, PSI specifically confirmed in writing that the $21,000 settlement covered only treatment rendered to the listed patients on specific dates. After receiving this confirmation, the hospital cashed the settlement check on August 11, 1999.

A few months later, the hospital discovered that, in March 1999, PSI had stopped paying its insurance company, TPA of Georgia, and the insurance company had cancelled the policy. The hospital had already submitted claims from June 1997 through April 1999 to the insurance company, pursuant to PSI's instructions. In response to the hospital's inquiries about these outstanding claims, the insurance company instructed the hospital that it had cancelled PSI's policy, that it would no longer pay insurance benefits for the company, and that PSI was responsible for any outstanding medical claims. When the hospital sought payment from PSI for these claims, however, the company refused to pay.

The hospital sued PSI for payment for services provided to Freddie Walker and his wife, Ruby Walker, Frances Crowe, Brian Harris, Antoinette Majka, and Julie Wheeler ("the insureds"). Attached to the complaint were bills totaling almost $90,000 for services rendered to these six insureds between June 1997 and March 1999. With the exception of Mr. Walker, none of the insureds listed in the complaint were named on the settlement check or in the documents accompanying the negotiations and settlement.[1]

In its answer to the complaint, however, PSI argued that the check had served as an accord and satisfaction of the outstanding medical expenses for all of the insureds named in the complaint. The company also claimed that the expenses had been discharged during bankruptcy. Following a hearing on the parties' cross-motions for summary judgment, the trial court denied the hospital's motion for summary judgment, and granted PSI's motion based upon accord and satisfaction "as to each of the employees named on the check," and "as to any claim for any dependent of an employee whose name is listed on the check," with the exception of Julie Wheeler.[2]

---

[1] It is unclear, however, whether the "Frances Crowe," named in the complaint, is the same person as "Frances Gatliff," listed on the check. See Division 1 (b), infra.

[2] PSI admitted that it owed the hospital the costs of Julie Wheeler's care.

1. On appeal, the hospital claims that the trial court erred in granting PSI summary judgment based upon a finding there had been an accord and satisfaction as to each of the insureds listed in the complaint. We agree.

In order to demonstrate an accord and satisfaction as an affirmative defense,[3] PSI was required to show that there was a payment of a debt in an amount less than the total indebtedness and that such payment was made pursuant to an independent agreement between the parties that such payment shall satisfy the debt. OCGA § 13-4-103 (b).

> Like any other contract, accord and satisfaction requires a meeting of the minds as to the subject matter embraced therein, if it is to be valid and binding. Where there is no agreement to settle all matters in dispute, no accord and satisfaction result. Moreover, parol evidence is admissible to show the scope of the agreement that forms the basis of the alleged accord and satisfaction.

(Citations omitted.) *Wallace v. Harrison*, 166 Ga. App. 461, 464 (2) (304 SE2d 487) (1983). Further, an accord and satisfaction may settle one or more claims, or a portion of a claim, without prejudicing the remaining claims. Id. at 465 (2). As an affirmative defense, the burden of proving an accord and satisfaction is on the defendant, and the determination of whether there was an accord and satisfaction between the parties is ordinarily a question for the jury. Id.

(a) As to insureds Freddie and Ruby Walker, there is conflicting evidence as to whether the $21,000 check was a settlement for hospital services provided in early 1997 only, or as to all amounts owed for their care from 1997 to 1999. PSI's correspondence to the hospital during settlement negotiations referenced claims totaling $4,479 for employee Ruby Walker, Freddie Walker's wife. PSI later confirmed that the check was in satisfaction of $4,479.76 in charges for Freddie Walker for treatment between February and May 1997. The notation on the 1999 settlement check, however, refers to a "full accord and satisfaction for the amounts we owe" on Freddie Walker. Accordingly, a jury issue exists as to the extent of the accord and satisfaction of the hospital's claims for treatment provided to Ruby and Freddie Walker, and PSI's liability for any remaining claims for these insureds. *Wallace v. Harrison*, 166 Ga. App. at 464-465 (2).

(b) The record is unclear as to whether "Frances Gatliff," who was specifically listed on the settlement check and in the documents accompanying the negotiations, and "Frances Crowe," who was listed

---

[3] See OCGA § 9-11-8 (c) (listing affirmative defenses).

in the hospital's amended complaint, are the same person, an employee and her dependent, or unrelated individuals. A hospital bill in the record, dated June 19, 1998, indicates that some relationship exists between the two individuals. Accordingly, a jury issue exists as to whether there was an accord and satisfaction for the services provided to "Frances Crowe" in June 1998. *Wallace v. Harrison*, 166 Ga. App. at 464-465 (2).

(c) Finally, the trial court's order granting summary judgment as to the hospital's claims for reimbursement, while specifically ruling as to those insureds who were listed on the check, did not address the hospital's claims for Brian Harris and Antoinette Majka, who were named in the complaint but not listed on the settlement check. Nothing in the record indicates that these individuals were dependents of the insureds listed on the settlement check. Accordingly, there was no basis on which to find an accord and satisfaction of these claims, and, to the extent that the trial court found otherwise, such ruling was error.

2. Although the hospital contends that it was entitled to summary judgment on its complaint, including punitive damages and attorney fees, we find that a jury issue remains on the extent of the accord and satisfaction between the parties, as well as on the effect of PSI's bankruptcy on these claims. Therefore, the hospital was not entitled to summary judgment. See *Keene v. Herstam*, 225 Ga. App. 115, 116 (1) (483 SE2d 335) (1997) (on a plaintiff's motion for summary judgment, it is its burden to establish that no jury issue exists as to any affirmative defenses raised by the defendant, and all doubts are resolved against the plaintiff).

3. The hospital claims the trial court abused its discretion in granting an extension for PSI to respond to its motion for summary judgment. Beyond citing to the standard to be used for granting an extension,[4] however, the hospital fails to cite to anything in the record, or to any authority, to support its contention that the trial court abused its discretion in this case. Accordingly, this issue is abandoned. Court of Appeals Rule 27 (c) (2).

*Judgment reversed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 4, 2003.

---

[4] See *Coolik v. Hawk*, 133 Ga. App. 626, 628 (4) (212 SE2d 7) (1974) (the purpose of rules of law is to promote justice rather than to reward technical proficiency, and this Court will not interfere with a trial court's discretion in ruling on a motion absent abuse of such discretion).

*Feiler & Associates, Douglas T. Gibson*, for appellant.
*Katz, Flatau, Popson & Boyer, Barbara S. Boyer*, for appellee.